PEERLESS FIXTURE COMPANY, a Corporation, v. ELMER JOHN KEITEL, SR., GEORGE A. ROZIER, and HARRY P. DRISLER, Members of the UNEMPLOYMENT COMPENSATION COMMISSION OF MISSOURI, Appellants.

CONRAD SHOWER v. ELMER JOHN KEITEL, SR., GEORGE A. ROZIER, and HARRY P. DRISLER, Members of the UNEMPLOYMENT COMPENSATION COMMISSION OF MISSOURI, Appellants.—Nos. 39495 and 39496.—195 S. W. (2d) 449.

Division Two, June 10, 1946.

Rehearing Denied, July 8, 1946.

*Michael J. Carroll*, Chief Counsel, *Charles F. Moseley* and *John L. Porter*, Assistant Counsel, for appellants.

146

*Edward K. Schwartz* for respondents.

BARRETT, C.—This is an appeal by the Unemployment Compensation Commission from a decree of the Circuit Court of Cole County setting aside two separate decisions of the Commission. While the two appeals were appropriately consolidated they involve, as we view them, various, separate and distinct, though interrelated, problems under the Unemployment Compensation Law. Mo. R. S. A., Ch. 52, Art. 2. The first appeal involves Peerless Fixture Company, while the second appeal involves Conrad Shower as well as Peerless Fixture Company and two other business organizations.

Admittedly, during the year 1937, Peerless Fixture Company had been an employer subject to the act. On December 14, 1938, Peerless Fixture Company filed an application to terminate its liability under the act (Mo. R. S. A., Sec. 9428(b), as of January 1, 1939, on the theory that it did not have, during the preceding calendar year of 1938, the requisite number of individuals employed during the re-

quired periods of time. Upon receipt of the application the Commission terminated Peerless liability under the act. In August 1941 an examination of Peerless books by an auditor disclosed facts which led the auditor to believe that Peerless in fact had in its employ the required number of employees during the year 1938 and that it should, in fact, have been under the act during the year 1939. Accordingly the Commission set in motion a proceeding in which it undertook to and did inquire into the propriety of its having previously determined that Peerless was entitled to have its liability terminated under the act. The caption of the proceeding, as indicated by the "Decision of the Commission," is "In the matter of whether the Unemployment Compensation Commission should have made a determination under the provision of Section 9428(b), R. S. Mo. 1939, that Peerless Fixture Company ceased to be an employer subject to the Missouri Unemployment Compensation Law as of January 1, 1939." After notice and a hearing the Commission determined that Peerless had the required number of employees during the year 1938 and during the year 1939, until March 5, 1939 and that it was, therefore, under the act during the years 1937 and 1938 and that it did not cease to be an employer under the act as of January 1, 1939, ▊▊▊▊ despite its prior determination to the contrary. After its application for rehearing and reconsideration had been overruled by the Commission Peerless appealed to the Circuit Court of Cole County. The Circuit Court held that the Commission, having approved the application of Peerless and having terminated Peerless liability under the act as of January 1, 1939, was "without power, authority or jurisdiction to set aside" in 1941, its prior termination of coverage.

▊▊▊ Upon this appeal by the Commission it is first urged that the Circuit Court could not consider and pass upon this question because Peerless, in the proceeding before the Commission, had not complied with the statutes and the regulations governing procedure before the Commission. When Peerless filed its application for a rehearing and reconsideration (Mo. R. S. A., Sec. 9432A) of the Commission's determination it did not raise the question of the Commission's power or authority to redetermine Peerless liability under the act and, therefore, it is urged that the Circuit Court could not pass upon the question. The Commission's regulation No. 58 provides that an application for rehearing shall set out the specific determination objected to "and the grounds in detail upon which the application is based including" findings of fact objected to and "any reasons why the determination or decision requested to be reheard or reconsidered is not correct as a matter of law . . . " Because the Commission is authorized to promulgate the rules of procedure to be followed in its proceedings, including the matter which must be set forth in an application for a rehearing before the Commission (Mo. R. S. A., Sec. 9432B) and because Peerless, accordingly, did not call this mat-

ter to the attention of the Commission or to the attention of the trial court in its petition (Mo. R. S. A., Sec. 9432A (b) to the court it is urged that the court had no authority to pass upon it. It is said that if the matter had been called to the attention of the Commission further and additional hearings and evidence would have demonstrated that the Commission's decision terminating Peerless liability was conditional upon the accuracy of its application. It is urged that the petition for a review by the Circuit Court is in the nature of an answer to the Commission's decision and has the effect of pleading and defining the issues upon the hearing in the Circuit Court. Conceding, for the sake of argument, that all this is true and that, as a general rule, the demands of orderly procedure require the presenting or raising of all controverted issues before the administrative tribunal before they are subject to review by the tribunal or by the court (42 Am. Jur., "Public Administrative Law," Sec. 236) yet it does not follow that the Circuit Court was in error in passing upon this question in this case.

The substantive, ultimate question is the Commission's authority or power, two years after a prior determination, to reconsider or redetermine the validity of its prior ruling and there is no dispute as to the essential facts in so far as they bear on this problem and we fail to see that further evidence or hearings would add to the matter. As it is with courts, so it is and should be with administrative tribunals, "objections to jurisdiction or that a complaint does not state a cause of action" or the sufficiency of the evidence to support the determination may be raised for the first time on appeal regardless of prior exceptions or motions. 42 Am. Jur., Secs. 157, 236, pp. 511, 677; Civil Code of Missouri, Secs. 114d, 140 (a) ; Supreme Court Rule 3.23. The question was appropriately before the trial court and the meritorious question is the propriety of its decision that the Commission lacked the power to reconsider and redetermine its prior determination that Peerless liability under the act had been terminated as of January 1, 1939.

At the time the Commission made its redetermination there was no statute specifically authorizing it to do so. At that time the statute merely charged the Commission with the duty of administering the act, of determining its organization and procedure. Mo. R. S. A., Sec. 9426 (a), Laws Mo. 1937, p. 574. Subsequently, effective July 1, 1941, the statute was amended and provides that "any determination or decision made hereunder may be reopened or reconsidered when the Commission finds such action is essential to promote the accomplishment of the objectives of this law." Mo. R. S. A., Sec. 9426A (d) ; Laws Mo. 1941, p. 566. But, as we understand the record, this statute was not in effect at the time the Commission, as counsel said, "thereupon revoked the termination of coverage and reinstated the employer." Consequently, we do not pass upon the validity or

efficacy of this amendment. The cause must be determined as though the statute were silent upon the subject.

There being no express statutory authorization for the Commission's reopening or redetermining its prior determination we are compelled to resort to the appropriate auxiliary rules of statutory construction, particularly those rules peculiarly applicable to administrative statutes. 49 Y. L. J. 1250, 1278. The rules dealing with courts and their loss of jurisdiction after entering final judgment and the passage of the term (Christian County v. Dye (Mo.), 132 S. W. (2d) 1018) and the usual rules with reference to judgments and the doctrine of res adjudicata are inadequate for the purpose of determining this somewhat analogous problem with respect to administrative agencies, at least for this type of agency and the problem here involved. 29 Cal. L. R. 741; 1942 Wis. L. R. 14, 15, 235. In any event res adjudicata was not plead or relied upon either before the Commission or in Peerless' petition to the Circuit Court for judicial review. 42 Am. Jur., Sec. 161.

In applying the auxiliary rules of construction we consider the statute as a whole (1942 Wis. L. R., 1. c. 20, 198) and, despite the lack of unanimity as to its purposes (55 Y. L. J., pp. 1-52), apply the rules with the view of carrying out the public policy expressed in the act. 42 Am. Jur., Sec. 174, p. 536; Haynes v. Unemployment Compensation Comm., 353 Mo. 540, 544, 183 S. W. (2d) 77, 81. Indicative of power in the Commission to reopen or reconsider its prior determination, in the absence of express statutory authority, is the fact that Peerless did not acquire, by reason of the Commission's prior decision terminating its liability, a vested right, expend money or change its position in reliance upon the Commission's determination. Lane v. Watts, 234 U. S. 525, 540, 34 S. Ct. 965, 58 L. Ed. 1440; 1942 Wis. L. R., 1. c. 21-22. But it is not apparent as to this subject, termination of liability upon application, that the Commission's jurisdiction was intended to be continuing, even though the interests of others than Peerless were not adversely affected by the determination. 42 Am. Jur., Sec. 174, p. 537. It is not claimed that the Commission's original finding was interlocutory only and that its jurisdiction was necessarily continuing in character. Brougham v. Blanton Mfg. Co., 249 U. S. 495, 39 S. Ct. 363, 63 L. Ed. 725. Neither was there a claim or finding of fraud (42 Am. Jur., Sec. 158) even though the application upon which liability was terminated may not have stated the true facts. By both the statute and the Commission's rules any finding against the employer's right to terminate its liability becomes final unless there is an appeal by the employer within the specified time. Mo. R. S. A., Sec. 9428; Commission's Reg. No. 15. The subsequently enacted amendment, if it indicates anything, casts doubt on the existence of the power. After giving weight to the various auxiliary rules, but without elaborating upon each of them in detail, the thing

that weighs most heavily against the Commission's right to· reopen its determinations in this instance and on this subject is the fact that the power is not necessary to the·efficient performance of the Commission's duties or functions in administering the law. 1942 Wis. L. R., l. c. 205. The. statute provides, and the Commission's corresponding regulation (No. 15) contemplates, when an application for termination of coverage is filed, that there shall be a hearing (Mo. R. S. A., Sec. 9428(b) ), not after liability has been terminated but before. Thus the Commission may follow the statute and its own regulations, conduct an investigation of the facts and have a hearing upon the application. As we understand the record, the Commission did not follow the procedure indicated by the statute and its own rules. In-' stead it followed the practice of approving the application when, upon its face, it meets the requirements of the statute. And, while the construction placed upon the act by the administrative tribunal, by its actions and procedure, may be entitled to ▇▇▇ some weight (Westerman v. Supreme Lodge K. of P., 196 Mo. 670, 709, 94 S. W. 470) it is not conclusive (42 Am. Jur., Sec. 82), especially in view of an unambiguous statute and regulations indicating a contrary practice. The Supreme Court of Washington, in our judgment, came to the correct conclusion, in interpreting this particular section of its law. That court held that the Commission, having acted·upon the application for termination of liability and having made a determination, could not, two years later, reopen and redetermine the same matter. Knestis v. Unemployment Compensation Div., 16 Wash. (2d) 577, 134 P. (2d) 76; 42 Am. Jur., Secs. 173-181; 1942 Wis. L. R. 5-42, 188-235.

▇ In reviewing the case in so far as it involved Conrad Shower and his liability under the act the trial court found that "there was no evidence of substantial probative force" to support the Commission's findings of fact (1) that for all practical purposes the corporation, Peerless Fixture Company, was a corporation in name only and that its business was conducted as the personal business of Shower which he ·controlled by legally enforceable means, directly or indirectly; (2) that during the year 1938 Peerless had the requisite number of employees and that during the years 1937 and 1938 Shower and Peerless together had the required number of employees, and (3) that Shower became an employer subject to the act in the year 1937 and that he continued to be an employer subject to the act since that time. It was also found that Shower became an employer in 1937 by reason of his employment experience combined with that of Peerless. The Commission found that Shower became an employer subject to the act on March 5, 1939, in any event, when he acquired Peerless Fixture Company. The Commission assigns error upon each of the trial court's rulings as to these findings of fact.

Prior to March 5, 1939, Peerless Fixture Company was a corporation engaged, at 1900 Locust Street in St. Louis, in the business of selling office fixtures. Four certificates of stock in the corporation were issued in 1934; one for ten shares to H. Pevnick, one for ten shares to M. Riteman, one for one hundred forty shares to Mrs. Shower and one for one hundred forty shares to Conrad Shower. Mr. Pevnick was Mrs. Shower's brother. M. Riteman was a "Miss" and she and Mr. Pevnick lived in Chicago. The son, Ralph, said that they occasionally came to St. Louis to check up on the business. Conrad Shower was president of the corporation, did the buying and selling and, in general, managed the business. His wife was the bookkeeper and cashier, sort of a credit manager. But Conrad Shower made all the principal decisions. There was considerable evidence as to whether certain named persons were in the employ of Peerless in 1937 but at the beginning of the hearing Peerless counsel admitted that Peerless was subject to the act for 1937.

Aside from the question of whether Peerless was subject to the act for the year 1938 merely by reason of its having failed to apply for a termination of its liability until December 1938, the evidence shows that in September 1939 Conrad Shower gave a Commission employee seven checks for $40.00 each and one check for $16.97 in payment of liability under the act. The evidence does not show precisely on whose account these payments were made but the Commission's counsel said that Shower individually paid them "with respect to the calendar years 1937 and 1938 by the Peerless Fixture Company."

In 1938 a fixture business known as New Franklin Fixture Company was opened on Seventh Street. Ralph Shower said that business was set up by his father "with the purpose in mind of eventually making that Stein's and mine." Stein was then Conrad Shower's prospective son-in-law. Shower and Peerless tried to convey the impression that Mr. Shower had but little, if anything, to do with that business. However, he advanced all the capital with which the business was opened. There were numerous transactions between Peerless and New Franklin. The stock of merchandise in New Franklin came from Peerless. Salaries and expenses at New Franklin were often paid by Peerless and the items were carried on Peerless' books. Subsequently the name of the business was changed, by changing signs on the front of the building, from New Franklin Fixture Company to Associated Furniture and Manufacturing Company. The business was then carried on as it had been when it was known as New Franklin. Conrad Shower leased and paid the rent on the premises on Seventh Street in which the business was carried on. He paid the electric light and telephone bills and, as we have said, advanced salaries from Peerless. These two businesses were not successful and when they ceased operations in 1938 practically all the merchandise was returned to Peerless.

According to both father and son, in March 1939, Peerless Fixture Company discontinued business as a corporation and Conrad Shower took it over, assumed all its liabilities and became the owner of the business, though known as Peerless Fixture Company.

Under these circumstances there can be but little question, if the requisite number of employees were employed by any or all of the parties for the required time, that Conrad Shower was an employer subject to the act. Mo. R. S. A., Sec. 9423(g), (h)(1, 4). If on March 5, 1939, when Shower became Peerless, Peerless or Shower or both of them had the required number of employees he became an employer subject to the act by virtue of the statute. Because, among other things, an "Employer means: (2) Any . . . employing unit which acquired the organization, trade or business, or substantially all the assets thereof, of another . . . which at the time of such acquisition 'was an employer subject to this law." Mo. R. S. A., Sec. 9423(h) (2); Southern Photo & Blue Print Co. v. Gore, 173 Tenn. 69, 114 S. W. (2d) 796. The sole fact of Shower's ownership of the greater part of the stock in Peerless is not of itself the conclusive ultimate test of his being an employer under the act. Kellogg v. Murphy, 349 Mo. 1165, 164 S. W. (2d) 285. But the fact of the family ownership of the stock, which gave him "potential control," plus the fact that he made and signed all official reports, in fact was the dominating force in all the businesses, controlled their policies, hired the employees, wrote the checks (considering all the circumstances) and finally took over all the businesses personally, certainly meets the ultimate test of the unification of two or more businesses by actual joint control. Mo. R. S. A., Sec. 9423(g)(h)(1-4); Kellogg v. Murphy, supra; Krisman v. Unemployment Compensation Comm., 351 Mo. 18, 171 S. W. (2d) 575. It follows that there was substantial probative evidence in support of the Commission's findings of fact. Atkisson v. Murphy, 352 Mo. 644, 179 S. W. (2d) 27; A. J. Meyer v. Unemployment Compensation Comm., 348 Mo. 147, 152 S. W. (2d) 184; Haynes v. Unemployment Compensation Comm., supra.

The judgment of the Circuit Court as to Peerless Fixture Company is affirmed. The judgment as to Conrad Shower is reversed and the cause is remanded for further proceedings consistent with this opinion. Mo. R. S. A., Sec. 9432A(b). *Westhues* and *Bohling*, *CC.*, concur.

PER CURIAM:—The foregoing opinion by BARRETT, C., is adopted as the opinion of the court. All the judges concur.