DOROTHY V. WAGNER v. UNEMPLOYMENT COMPENSATION COMMISSION OF MISSOURI and PITTSBURGH PLATE GLASS COMPANY, a Corporation, Appellants.—No. 39692.—198 S. W. (2d) 342.

Division One, December 9, 1946.

*Joseph W. Hardy, John L. Porter* and *John F. Sloan,* Assistant Counsel, for appellant; *Michael J. Carroll* of counsel.

**VAN OSDOL, C.**—Appeal from an order and judgment of reversal and remand rendered in an action to review the decision of the Unemployment Compensation Commission of Missouri denying unemployment benefits to an employee, plaintiff-respondent.

Plaintiff-respondent employee, Dorothy V. Wagner, is hereinafter referred to as "Claimant"; defendants-appellants, members of the Unemployment Compensation Commission, are referred to as "Commission"; and defendant-appellant employer, Pittsburgh Plate Glass Company, as "Glass Company."

July 3, 1944, Claimant filed her claim for benefits with Commission stating she was unemployed, able to work and available for work and had last worked for Glass Company at Festus. Her claim was assigned to Commission's claims deputy for determination. Section 9432 R. S. 1939, Mo. R. S. A., as amended, Laws of Missouri 1941, p. 616. The deputy determined Claimant to be eligible for benefits. She was credited with a waiting week for the week ending July 9th and was paid benefits of $12.50 for each of the weeks ending July 16th, 23rd, 30th and August 6th. Further benefits were withheld pending an investigation with respect to an offer of work said to have been made by Milius Shoe Company of Festus and refused by Claimant on August 8th. Claimant reported to an office of Commission and claimed weekly benefits to August 27, 1944. October 4th, Claimant was notified that the deputy had reconsidered his decision with respect to her eligibility; that she was being declared ineligible from the time she filed her first claim on the ground that she was not "available for work"; and that she had "received benefits amounting to $50.00 to which she was not entitled."

October 10th, Claimant filed notice of appeal. She was contending she had been eligible for benefits because unemployed, able and "available for work" until and including the week ending August 27th. A hearing was had December 7th before an appeals referee. Evidence was heard, findings made, and the deputy's decision affirmed. An application for further appeal to Commission was denied January 8, 1945, and the decision of the appeals referee was deemed to be that of Commission. Section 9432, as amended, Laws of Missouri 1941, p. 618. The instant action for review was thereafter instituted. The reviewing circuit court found that substantial evidence supported the deputy's determinations that Claimant was eligible for benefits for the weeks ending July 16th, 23rd, 30th and August 6th; and that

the decision of the deputy upon reconsideration, the order of the appeals referee affirming the latter decision and the order denying the appeal whereby the order of the appeals referee became the decision of Commission were erroneous. The court declared Claimant ineligible for benefits for the weeks ending August 13th, 20th and 27th, however. The court further declared that the first decisions of the deputy became final under the provisions of Section 9432, supra, as amended, and the deputy had no power to reconsider the decisions and to deny benefits after the benefits had been paid; that neither the "Referee nor the Commission, on appeal, whose jurisdiction in this case is derivative, had any more power than did the Deputy"; and that Commission was in error in finding Claimant had received benefits to which she was not entitled.

Some sets of facts under which claims for unemployment benefits have been denied on the theory the unemployed claimant was not "available for work" as disclosed in cases of other jurisdictions were discussed in the case of Haynes v. Unemployment Compensation Commission, 353 Mo. 540 at pages 545 and 546, 183 S. W. 2d 77 at page 81. And this court in that case noted that Section 9430 (c) R. S. 1939, Mo. R. S. A., as amended, Laws of Missouri 1941 at page 608, required an unemployed person, in order to be eligible to receive benefits, must be "able to work" and "available for work." By applying accepted rules of construction of statutes, in the light of the evil which the Unemployment Compensation Law purposed to remedy and in the light of the conditions existing when the Law was enacted, the court observed the word "unemployment" (as used in Section 9422 R. S. 1939, Mo. R.S.A., as amended, Laws of Missouri 1941, p. 569) meant "unemployment resulting from the failure of industry to provide employment." And the court drew the conclusions that, in "providing that 'an unemployed individual shall be eligible to receive benefits with respect to any week only if the commission finds that . . . he is able to work, and available for work,' the Legislature required a sufficient showing of evidence to support a finding by the commission, and a finding by the commission, that the claimant was during said week 'capable of being used to accomplish a purpose' for work; that he was 'at disposal; accessible or attainable' for work; and that he was 'ready, handy, convenient, usable and obtainable' for work. See Webster's New International Dictionary, Second Edition." See also Donnelly Garment Co. v. Keitel, 354 Mo. 1138, 193 S. W. 2d 577. But, after the decision of the Haynes and Donnelly Garment Company cases, "available for work" has been given a more positive construction of meaning by legislative enactment. The 62d General Assembly further amended the Section 9430 (c), as amended in 1941, to contain the further clause, "*provided, however,* that no person shall be deemed available for work unless he has

been and is actively seeking work." Laws of Missouri 1943, p. 934. So it is required that a person able to work (and "available for work" as defined in the Haynes case) must (in order to be deemed "available for work" as now construed in accordance with legislative mandate) have been and be "actively seeking" work, that is, not passively available and waiting for work, but actively "in search of" work. Webster's International Dictionary, Second Edition, p. 2266.

■ In the instant case, Claimant was the only witness examined and it is apparent from the findings of fact that her testimony was considered true. The facts not being in dispute, the question presented here is one of law upon the undisputed facts. Haynes v. Unemployment Compensation Commission, supra. Was Claimant "available for work"?

■ Claimant was laid off because of lack of work and was told by her employer, Glass Company, "they thought they were going to call the girls back . . . They didn't say how soon, but they thought it wouldn't take so terrible long, they would be called back." She had worked for Glass Company about three months. Prior to her employ with Glass Company, Claimant had worked a little over two years for Milius Shoe Company of Festus. August 8, 1944, the United States Employment Service offered to send Claimant back to the shoe company—told her, "they had work out there for you." But she did not go; she thought she would be called back by Glass Company and, if she were, the shoe company would not give her a release, although she did not talk to the employment office about the release. This was not the only reason. At the shoe factory, Claimant had worked "on piece work, and that was hard work, and I was sick before I left the shoe factory—it was hard work . . . and my father and sisters were all working at the glass factory, and I wanted to go there too, naturally, we all wanted to be together." The average hourly rate of pay at the shoe factory was just "about the same as I made" with Glass Company. Claimant had been working at "Emerson" in St. Louis for about three months at the time of the hearing before the appeals referee (December 7th). "They (employment service, before she was employed at Emerson) wanted to send me to the Sweet Shop . . . or the dime store . . . I didn't want that kind of job, anyway." Until she went to Emerson, she had made no attempt to find other work. When she went to the office of Glass Company to see about her checks, "we asked if they were hiring them (us) back and they said no, not right now, but they were going to hire us back, so we just all waited. There was a group of girls, and we all just waited." Claimant testified that, until she went to Emerson, it was her intention to wait until she was recalled by Glass Company.

We notice Claimant's statement of intention to await a recall to work by Glass Company. It is true she had been told she would be recalled, but she was given no assurance she would be recalled at any definite time in the near future. Meanwhile, she did not look for other employment; indeed, she refused offers of employment which were not shown to be unsuitable for her—she did not want "that kind of a job." It could not be said Claimant was an involuntary victim of the evils of unemployment in the face of shown facts of available employment. The fact of her refusal of employment on August 8th is a circumstance, in conjunction with the other facts, tending to show she had not been theretofore "available for work" except in an unduly restricted sense, namely, restricted to availability for work with a particular former employer. As she said, she intended to wait until she was recalled by Glass Company. In our opinion, Commission was right in finding Claimant was not and had not been "available for work" as the term should be construed in obedience to Section 9430 (c), supra, as amended in 1943. See also Donnelly Garment Co. v. Keitel, supra; Haynes v. Unemployment Compensation Commission, supra; and W. T. Grant Co. v. Board of Review et al., 129 N. J. L., 402, 29 A. 2d 858.

██ However, as stated, Commission's deputy had initially determined Claimant eligible for benefits, weekly benefits were allowed and paid Claimant for the weeks ending July 16th, 23d, 30th and August 6th, and no appeal had been filed to review the deputy's decisions. We are presented the question, can the deputy (after he has initially decided a claimant is eligible for benefits, and claims for subsequent weekly benefits have been allowed and no appeal has been taken from the decisions and the allowed benefits paid) reconsider the decisions, redetermine the claimant was neither initially eligible nor eligible for the allowed and paid benefits for subsequent weeks, and thus affect retroactively the unappealed from decisions. An answer to this question must be found in the plain language of Section 9432 (b), as amended, Laws of Missouri 1941, pp. 616-7; or, if the language be of uncertain meaning, then we may resort to accepted rules for construction of statutes. Haynes v. Unemployment Compensation Commission, supra.

Section 9432 treats with "Claims for benefits—form—procedure—appeal tribunals—powers of commission regarding disputed claims—witness fees, etc."; a claim for benefits is to be made in accordance with such regulations as the commission may prescribe, Section 9432 (a); prompt examination of the claim is to be made by a deputy, Section 9432 (b), who, on the basis of the facts found by him, when such claim if allowed will begin a benefit year, either makes a determination upon the claim (including a statement as to whether the claimant has been paid the wages required under Section 9430 (e), the first day of the benefit year, his weekly benefit amount, and

the maximum total amount of benefits payable to him with respect to such benefit year) or refers the claim, or any question involved therein, to an appeal tribunal or to the commission. And, with respect to all claims, the deputy is to make a determination thereof and is to include a statement as to whether and in what amount the claimant is entitled to benefits for the week with respect to which the determination is made and, in the event of a denial of any claim, shall state the reasons therefor. It is required that the deputy shall promptly notify the claimant and other interested parties of the decision and the reasons therefor. The determination of the claimant's eligibility, the date of commencement of the benefit year, the claimant's weekly benefit amount and the maximum total amount of benefits payable during such year is final in respect to any claim made for subsequent week in such benefit year; that is, final as to and binding upon the claimant and other interested parties who have not appealed therefrom. *The deputy may, however,* at any time, for good cause *reconsider his decision* and notify the claimant and other interested parties of his *amended* decision and the reasons therefor. [A claimant is not entitled to benefits for "any week" in the *benefit year* during which he is not available for work, Section 9430 (c), Laws of Missouri 1943, p. 933; nor for the weeks of the *benefit year* during which he is disqualified, Section 9431, Laws of Missouri 1941, p. 610; and the weekly benefit amount and the maximum total amount of benefits payable during a *benefit year* are the amounts fixed for the determined *benefit year* which begins with the first day of the first week with respect to which the individual first files a valid claim for benefits (or the first day of the first week with respect to which a disqualification is assessed, whichever is the sooner), Section 9423 (c), Laws of Missouri 1941, p. 577. So claims for benefits are determined with reference to a benefit year beginning when a claimant is initially determined eligible during which year the claim is pending for the administrative action of the commission, and claims for weekly benefits are paid for the subsequent weeks for which the claimant is determined to be eligible.] The deputy in making his determination or his redetermination, is acting administratively for the commission. The commission is charged with the duty of administering the Law. Section 9426 R. S. 1939, Mo. R. S. A. And the language used by the Legislature is plain in giving the commission the power through its deputy to promptly administer the Law, but the language is also plain in conveying the Legislature's contemplation that the Law is to be administered in accordance with its purpose.

As pointed out in the case of Krisman v. Unemployment Compensation Commission, 351 Mo. 18, 171 S. W. 2d 575, the general public is interested in building up a fund during periods of employment to provide benefits for the unemployed during periods of unemployment

and in seeing that all employers who rightfully belong under the Law are made to comply with its provisions. Then, too, the rate of the contributions an employer may be required to pay is affected by the employer's employment record as provided in Section 9427 (c) (i), Laws of Missouri 1941, p. 593; and see Laws of Missouri 1945, p. 1739, H. B. No. 564, March 1946 Pamphlet, Mo. R. S. A., pp. 191-192. The Krisman decision was prior to the amendment of the Law of 1941. When the Krisman case was decided, Section 9432 (b) provided, "The deputy may for good cause reconsider his decision . . ." Notice now again, the section as amended in 1941 provides, "The deputy may, however, at any time, for good cause reconsider his decision . . ." [See also Section 9432 (b), Laws of Missouri 1945, p. 1739, S. B. No. 247, June 1946 Pamphlet, Mo. R. S.A., pp. 201-202.] Under the section, prior to the amendment of 1941, the decision of the deputy was tentative and subject to amendment until the claimant and other interested parties were officially notified of the deputy's decision. Krisman v. Unemployment Compensation Commission, supra. So now, since the amendment of 1941, the decision of the deputy is tentative until the claimant and other interested parties are officially notified of the deputy's decision; and, as formerly, after notice, if the claimant, or any other interested party, does not appeal within the time provided in the section, the decision is final as to the claimant and other interested parties. The unappealed from decision is not now final, however, if the deputy, for good cause, reconsiders his unappealed from decision and redetermines the claim; although it would seem, if there were an appeal from the deputy's determination of a claim, the deputy would no longer have the power to determine the claim appealed from, inasmuch as the deputy in his determination of claims is but acting for the commission.

The Legislature, in enacting a law having the object of remedying the evil effects of involuntary unemployment, has given the commission the power of prompt action through a deputy so that prompt relief may be afforded. We cannot foresee all the circumstances which might constitute good cause for the reconsideration of a deputy's decision. But if, in acting promptly to the end of consummating the Law's remedial purpose, the deputy has erred in his treatment of the facts or has not become advised of all the material facts and has allowed (or denied) benefits, the allowance (or denial) of which is in conflict with the express provisions of the Law or out of harmony with the Law's remedial intent and purpose, then, we believe, there would be "good cause" for a deputy's reconsideration of his decision. Now, a deputy's initial decision and his subsequent allowance of weekly benefits to a claimant who is not "available for work" (as in the instant case) would be in conflict with the

Law's express provisions as well as out of harmony with the Law's remedial purpose. Section 9430 (c), as amended in 1943; Haynes v. Unemployment Compensation Commission, supra, and cases therein cited; Donnelly Garment Co. v. Keitel, supra.

However, it would not be out of place here to give further attention to the provisions of Section 9432 (b), supra. As stated, the deputy's determination of a claim is final if no appeal is filed by the claimant or other interested party unless the decision is reconsidered by the deputy; and see also that a redetermination upon reconsideration by the deputy is final if no appeal is taken by the claimant or other interested party; but see that the reconsideration cannot be arbitrary but must be for good cause, and see that the deputy's redetermination is reviewable.

██ Relating to the weekly sums (aggregating fifty dollars) paid Claimant—it is suggested ██ by Commission that the statement in Claimant's formal claim that she was "available for work" is necessarily a misrepresentation of a material fact, since it has been found she was never available for work; consequently, Commission urges, on the strength of instant record, Claimant is either liable to have such sums deducted from any future benefits payable to her, or to repay to Commission for the unemployment fund a sum equal to the amounts received by her. See Section 9440 (d), Laws of Missouri 1941, p. 641. But the statement by Claimant in her claim that she was available for work, we believe, was a statement of an ultimate element of her claim, the determination of the existence of which was necessary to the allowance of the claim; its existence was a mixed question of law and fact; and we have already seen the deputy's determination of a claim is not on the basis of the statements in the claim, but "on the basis of the facts found by him . . ." Section 9432 (b), supra. It may be generally said of the provisions of Section 9440 (d) and (f)—the ultimate questions whether, or not, sums paid shall be deducted from a claimant's future benefits payable or repaid to the commission for the benefit of the unemployment compensation fund are to be determined after a fair hearing of the issues (for example, "nondisclosure" or misrepresentation" of a material fact) supporting the ultimate questions of which hearing notice shall have been duly given; and the determination may be reviewed. Regarding the collection of the sum of benefits paid which the commission determines should be repaid—it is provided, "such sum shall be collectible in the manner provided in Section 9436 (b) for the collection of past due contributions." Section 9440, as amended in 1941, supra.

814

The reviewing circuit court's judgment, in so far as it reverses Commission's decision, should be reversed; and Commission's decision should be affirmed.

It is so ordered. *Bradley* and *Van Osdol, CC.,* concur.

PER' CURIAM:—The foregoing opinion by VAN OSDOL, C., is adopted as the opinion of the court. All the judges concur.