CHARLES M. HOWELL, JR., ET AL., APPELLANTS, v. DIVISION OF EMPLOYMENT SECURITY, ET AL., RESPONDENTS.—222 S. W. 2d 953.

Kansas City Court of Appeals. Opinion delivered June 13, 1949.

*Lewis H. Cook, Howell, Jacobs & Howell, Floyd E. Jacobs* and *Dean Wood* for appellants.

*George Schwartz, John L. Porter* and *Michael J. Carroll* for respondents.

934

BOYER, C.—This is an appeal from a decree of the circuit court of Cole County, affirming a decision of the Unemployment Compensation Commission which denied plaintiffs' application for termination of coverage effective January 1, 1943, under the Unemployment Compensation Law, and holding that plaintiffs did not cease to be an employer subject to the law as of said date. The appeal was to the Supreme Court, and according to an opinion of that court in its case No. 40906, it was held that the Supreme Court did not have jurisdiction of the appeal, contrary to the contentions of both appellants and respondents, and the case was accordingly transferred to this court.

As a background of the action for judicial review these facts appear: On January 8, 1943, plaintiffs filed an application for termination of coverage as an employer, subject to the law as of January 1, 1943, on the ground that they did not have the required number of employees for a sufficient period during the calendar year 1942 to render them subject to the payment of contributions to the Compensation Commission, and that they were therefore entitled to termination of coverage which had previously existed. On the 19th day of March 1943 the Commission, without notice or hearing, by resolution approved the application and on April 8, 1943, notified plaintiffs by mail of the action taken and enclosed formal notice of termination

to be signed by plaintiffs' employees and to be posted conspicuously by plaintiffs for a period of ninety days and returned to the Commission properly executed, all of which was done by plaintiffs. That was the last plaintiffs heard of the matter until March 20, 1944, when they received a letter advising them that their application for termination of coverage had been reconsidered by the Commission and denied by resolution on March 10, 1944, because the application did not include certain individuals, known as "associates," who must be included in the total count of persons performing services in covered employment for the purpose of determining eligibility for termination of coverage. Plaintiffs were notified that this determination would become final ten days from the date of the letter if no application for a rehearing or reconsideration had been filed with the Commission within that time, and the letter then proceeds to state: "It will, therefore, be necessary for you to file quarterly contribution and wage reports and pay contributions thereon during the year 1943 and thereafter, unless and until this determination is reconsidered and reversed by the Commission." There was no notice to the plaintiffs or any opportunity for a hearing afforded them in reference to the reconsideration and decision of the Commission made on March 10, 1944.

Plaintiffs filed their petition for a rehearing and reconsideration on March 27, 1944. The petition for reconsideration does not appear to have been ruled by the Commission, but on April 26, 1944, the Commission by resolution determined that a hearing would be held in the matter of whether plaintiffs ceased to be an employer as of January 1, 1943, under the provisions of Sec. 9428(b), R. S. Mo. 1939, as amended in 1941, and to that end the Commission further resolved to appoint a special representative to conduct such hearing on behalf of the Commission, who was directed to make findings of fact with respect to the issues in the matter and to transmit to the Commission for its consideration such findings of fact, together with all documents and papers and a transcript of the testimony taken on such matter. Plaintiffs were notified that a hearing would be held before said special representative on the 24th day of May 1944.

At such hearing there was evidence that three named lawyers were connected with the partnership of Howell, Jacobs & Howell, and were referred to as "associates." The evidence in the main consisted of an inquiry concerning the relationship between the associates and the partnership; the Commission contending and seeking to show that said associates were employees, and the partnership contending and seeking to show that said associates occupied the status of independent lawyers and independent contractors, and were not employees of the partnership.

The report and findings of fact made by the special representative stated that the issue presented turned upon the employment status

under the Unemployment Compensation Law of Scott R. Timmons, one of the named associates, and any other persons who may have been similarly associated with the applicants during 1942. He found that Mr. Timmons performed services for wages for the applicant employer during the 1942, and that the applicant employer in the year 1942 had eight or more persons (including Mr. Timmons) in employment for thirteen or more days, each day in a separate calendar week. There was no finding in reference to the status of the other named associates. The Commission adopted the findings of fact made by its special representative and held as a matter of law that the applicant employer did not cease to be an employer subject to the Missouri Unemployment Compensation law as of January 1, 1943. In its final decision the Commission stated, among other things, that the application of plaintiffs for termination of coverage as an employer was denied ''on the ground that Scott R. Timmons, as well as the seven stenographic and clerical employees, was in the employment of the applicant employer during 1942.'' It appears from the foregoing that the Commission regarded its decision of March 10, 1944, to be the same as its final decision.

The judgment of the circuit court in this case merely recited that the court found the issues in favor of defendant and against the plaintiffs. ''Wherefore, it is ordered, adjudged and decreed by the court that the order of the Unemployment Compensation Commission be and is hereby affirmed.'' There is no mention or finding in the judgment of the court in reference to the jurisdiction of the Commission to reconsider its initial approval of plaintiffs' application and to arrive at the decision which it made on March 10, 1944, without notice or hearing, or whether said decision was in excess of the statutory authority of the Commission. This was the first ground alleged in plaintiffs' petition for judicial review. The constitution of 1945, Art. V, Sec. 22, provides that reviews of this character shall include the determination whether the decisions and findings are authorized by law.

It would have been entirely proper and right, if not in fact necessary, for the court to have determined whether the Commission had authority and jurisdiction to arrive at its decision made on March 10, 1944, in the manner in which it proceeded. The failure of the court to make such specific determination is not presented in this appeal as a ground for reversal and we, therefore, pass it by merely with the suggestion already made.

The chief contention of appellants is that the court erred in affirming the decision of the Commission because the Commission was without jurisdiction to reopen plaintiffs' case on March 10, 1944, and proceed as it did to a decision, for lack of statutory authority. Reliance is placed upon the ruling of the Supreme Court in the case of Peerless Fixture Co. v. Keitel, 355 Mo. 144, 195 S. W. (2d) 449, 452, 453; and upon Sec. 9432A (a), R. S. Mo. 1939, as amended in Laws

of 1941, p. 566, Sec. 10, in view of which appellants contend that the initial determination of the Commission, approving plaintiffs' application for termination of coverage, became a final decision within ten days after date of notification thereof and was not subject to review thereafter. Appellants further contend that Sec. 9426A (d), R. S. Mo. 1939, as amended in Laws of 1941, p. 566, Sec. 3, does not apply to this case.

Respondents' reply to these contentions is that the Commission's initial approval of the application did not purport to be its final action thereon; that it was tentative or interlocutory, and that the Commission's reconsidered action was in any event authorized by Sec. 9426A (d). That section reads as follows:

"The Commission may, upon its own motion or upon application of an employing unit, and after notice and opportunity for hearing, make findings of fact and on the basis thereof, determinations with respect to whether an employing unit constitutes an employer and whether services performed for or in connection with the business of an employing unit constitutes employment for such employing unit. Any determination or decision made hereunder may be reopened or reconsidered when the Commission finds such action is essential to promote the accomplishment of the objectives of the law."

The question which arises from these contentions, and with which we are required to deal, is one of procedure. In a consideration of that question due regard must be had to all sections of the Unemployment Compensation Law, including the section just quoted. How then does the case stand?

Sec. 9426, in defining the duties and powers of the Commission, among other things, expressly provides that the methods of procedure adopted by the Commission shall be "in accordance with the provisions of this law." The Supreme Court has determined that "contributions" required under the Unemployment Compensation Law are taxes, and that the act includes a taxing statute. Lucas v. Murphy, 348 Mo. 1078, 156 S. W. (2d) 686, 688; A. J. Meyer & Co. v. Unemployment Compensation Commission, 348 Mo. 147, 152 S. W. (2d) 184, 191. The decision of the Commission on March 10, 1944, that plaintiffs were subject to the payment of contributions was the same as levying a tax in the amount of the contributions required. The levying of a tax is a legislative function and may be exercised only when clear and express statutes have been enacted for that purpose. Such statutes operate in invitum and should be strictly construed. State ex rel. v. Gehner, 315 Mo. 1126, 280 S. W. 416. In the pungent words of Judge Lamm, in Leavel v. Blades, 237 Mo. 695, l. c. 700: "When the tax-gatherer puts his finger on the citizen he must also put his finger on the law permitting it." 61 C. J. p. 81, Sec. 10; Am. Jur. p. 71, Sec. 42, p. 74, Sec. 44.

Does Sec. 9426A (d), upon which respondents rely, justify the procedure of the Commission in arriving at its decision March 10, 1944? We do not think so, for the obvious reason that the Commission did not comply with the requirements of that section in reference to the procedure to be followed when it opens a case for reconsideration. This section requires findings of fact as a basis for a determination with respect to whether an employing unit constitutes an employer, and that such findings of fact are to be made "after notice and opportunity for hearing." There was no notice or opportunity for a hearing afforded the plaintiffs, and there were no findings of fact made by the Commission in any proceeding prior to its decision of March 10, 1944. Furthermore, there was no finding by the Commission that its action of reconsideration was essential to promote the accomplishment of the objectives of the law. The foregoing facts are not in dispute. Respondents contend, in effect, that it was not necessary for the Commission to find that reconsideration was essential to promote accomplishment of the objectives of the law, and seek to justify the failure to make such a finding by stating that "it is implicit in the very act of reconsideration." Respondents ignore the fact and the law that there is and can be no such thing as taxation by implication. 61 C. J. p. 81, Sec. 10, and cases cited.

The validity of the final decision of the Commission, after a hearing before its special representative, is dependent upon the validity of its action in reopening and deciding the case on March 10, 1944. We think the conclusion is inescapable that the entire procedure of the Commission subsequent to its initial approval of plaintiffs' application to be relieved from coverage was unauthorized because the procedure of the Commission did not conform to the requirements of the statute authorizing a reconsideration of a decision. A tribunal of the State authorized to levy a tax after notice and an opportunity for a hearing, cannot justify such a levy by a hearing after its decision is made. The hearing and a finding of facts must precede the decision. Such is the only practice recognized in any judicial or quasi-judicial procedure, and the same principle applies to the Commission in this case. There was, in effect, a pre-judgment of the merits of plaintiffs' case and a decision before trial. Such procedure is under a strict ban of the law and nothing like it has been tolerated in Anglo-American jurisprudence since the Tudor tyranny when Judge Jeffreys won favor of the king and infamy ever after.

It results from the foregoing that the decree of the circuit court should be reversed and the cause remanded to said court with direction to reverse the decision of the Commission and to remand the case. The Commissioner so recommends. *Sperry, C.,* concurs.

PER CURIAM:—The foregoing opinion of BOYER, C., is adopted as the opinion of the court. The judgment is reversed and the cause

remanded with direction to reverse the decision of the Commission and to remand the case. *Dew, P. J.* and *Cave, J.* concur. *Vandeventer, J.* (sitting by order of Supreme Court) concurs.