[1] In her motion for rehearing plaintiff contends that the court is in error in stating that "the sole issue is whether plaintiff `was available for work' within the meaning of the statute during the periods for which she claims benefits."
[2] She asserts that since the deputy allowed her two weeks' benefits when her claim was first filed and thereafter suspended payment of benefits for all subsequent weeks without a specific finding of changed conditions or circumstances relative to her right to benefits, he acted arbitrarily and without authority. This contention fails to consider Sec. 9432(b), Laws 1941 p. 616, Mo.R.S.A. § 9432(b), which, among other things, provides that: "The deputy may, however, at any time, for good cause reconsider his decision and shall promptly notify the claimant and other interested parties of his amended decision and the reasons therefor." From such a redetermination any interested party may appeal, which was done in this case, and a hearing was held before an appeals referee, at which time the evidence was more fully developed and further compensation was denied plaintiff because, as shown by that evidence, she was not "available for work." The commission affirmed that finding.
[3] In discussing the question of good cause for a reconsideration by a deputy of his initial decision, the Supreme Court, in Wagner v. Unemployment Compensation Commission, 355 Mo. 805, 198 S.W.2d 342, 346, said: "We cannot foresee all the circumstances which might constitute good cause for the reconsideration of a deputy's decision. But if, in acting promptly to the end of consummating the Law's remedial purpose, the deputy has erred in his treatment of the facts or has not become advised of all the material facts and has allowed (or denied) benefits, the allowance (or denial) of which is in conflict with the express provisions of the Law or out of harmony with the Law's remedial intent and purpose, then, we believe, there would be `good cause' for a deputy's reconsideration of his decision. Now, a deputy's initial decision and his subsequent allowance of *Page 23 
weekly benefits to a claimant who is not `available for work' (as in the instant case) would be in conflict with the Law's express provisions as well as out of harmony with the Law's remedial purpose. Section 9430 (c), as amended in 1943; Haynes v. Unemployment Compensation Commission, supra [353 Mo. 540,183 S.W.2d 77], and cases therein cited; Donnelly Garment Co. v. Keitel, supra [354 Mo. 1138, 193 S.W.2d 577]."
[4] It is apparent from the above quotation that when the facts indicate that a claimant is not "available for work" the deputy not only may, but should, reconsider his initial decision.
[5] Sec. 9432, supra, which establishes the procedure for making an initial determination on a claim, must be read and construed in connection with Sec. 9430(c), supra, which provides in part as follows: "An unemployed individual shall be eligible to receive benefits with respect to any week only if the division findsthat * * * (c) He is able to work, and is available for work; * * *". (Italics ours.) Thus this section requires a determination with respect to any week in which benefits are claimed. Obviously, a deputy cannot determine in advance that a claimant would be able to work, available for work, and actively seeking work. Such determination must be made each time the claimant reports to the commission's office and claims benefits for particular weeks of unemployment.
[6] The deputy acted within the scope of his authority and, under the facts, was justified in denying plaintiff further compensation. Whether the deputy and the commission should have allowed claimant compensation for the first two weeks is not before us.
[7] Plaintiff's motion for rehearing and motion to transfer this cause to the Supreme Court are overruled.
[8] DEW, P. J., concurs. *Page 97