Arleetia E. SHEETS, Appellant,

v.

LABOR AND INDUSTRIAL RELATIONS COMMISSION, and Division of Employment Security of the State of Missouri, and Kinder Care Nursing Home, Respondents.

No. WD 31957.

Missouri Court of Appeals,
Western District.

Aug. 18, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 22, 1981.

Application to Transfer Denied
Nov. 10, 1981.

Dana Katheryn Kaiser, Legal Aid of Western Missouri, Public Counsel, Kansas City, for appellant.

Kevin Mark Hare, Public Counsel, Labor & Ind. Rel., Jefferson City, Sharon Ann Willis, Division of Emp. Sec., Kansas City, for respondents.

Kinder Care Nursing Home, pro se.

Before KENNEDY, P. J., SOMERVILLE, C. J., and SHANGLER, J.

SHANGLER, Judge.

The plaintiff Sheets appeals the denial by the appeals referee of unemployment compensation for a period of four weeks. She was found eligible for benefits but was assessed a disqualification for four weeks on finding that the discharge from employment was for misconduct connected with her work. The Industrial Commission declined administrative review, thus we deem the decision of the appeals tribunal as that of the Industrial Commission for purpose of judicial review. *Associated Grocers Company of St. Louis, Missouri v. Crowe*, 389 S.W.2d 395, 397[1] (Mo.App.1965); § 288.-200.1.

The merits of appeal relate to the jurisdiction of the appeals tribunal to enter the decision now on judicial review. The appeal questions the authority of an administrative appeals referee to set aside a decision already rendered, to readjudicate the evidence and find a decision anew.

The deputy, on the basis of the claim by the worker and the protest of the employer, made the determination that the claimant was entitled to unemployment compensation but was disqualified from benefits for four weeks because of work misconduct.

The claimant appealed that determination by the deputy to the administrative appeals tribunal. The referee conducted a hearing at which the claimant gave evidence, but the employer was absent. On March 11, 1977, the appeals tribunal reversed the deputy and found the claimant eligible for the full compensation benefits without any disqualification. The parties were duly notified of the decision of the appeals tribunal in the formal manner required by § 288.190.3. On March 21, 1977, the appeals referee ordered that the decision of March 11, 1977, *be set aside and held for naught*, and reset the cause for new hearing and decision. The pretext for the order was to allow the employer to give testimony antecedent to a final decision. The appeals referee reheard the cause and on May 27, 1977, affirmed the determination of the deputy to disqualify the claimant from benefits for a period of four weeks. The Industrial Commission declined administrative review. The administrative decision was affirmed on judicial review by the circuit court.

The adjudication of administrative appeals of disputed determinations of employment security claims is governed by § 288.-190 and those regulations promulgated by authority of statute:

2. The manner in which disputed determinations ... shall be presented and the conduct of the hearings shall be in accordance with regulations prescribed by the division for determining the rights of the parties ....[1]

---

1. The relevant regulation, 8 CSR 10–5.010, *Appeals To and Hearings Before an Appeals Tribunal,* prescribes the procedures whereby parties in interest may appeal determinations made by the Division of Employment Security and for the conduct of the hearing on appeal. The regulation makes no provision for an appeals tribunal to set aside a decision entered after official notification to the parties, nor do the respondents Division of Employment Security and Industrial Commission contend for the effect of any of the literal language of the regulation.

3. [A]n appeals tribunal, after affording the parties reasonable opportunity for fair hearing, shall affirm, modify, or reverse the determination of the deputy, or shall remand the matter to the deputy with directions ... *The parties shall be duly notified of an appeal tribunal's decision together with its reason therefor, which shall be deemed to be the final decision of the division unless within ten days after the date of notification or mailing of such decision further appeal is initiated pursuant to section 288.200.* [Emphasis added]

An administrative tribunal is a creature of statute and exercises only that authority invested by legislative enactment. *Soars v. Soars-Lovelace, Inc.*, 346 Mo. 710, 142 S.W.2d 866, 871[7–11] (1940). No term of subsection 3 of the statute, any more than any of the regulations promulgated by the Division under subsection 2 of the statute, legitimates an order of the appeals tribunal to set aside a decision officially rendered. The text of subsection 3 that:

"[t]he parties shall be duly notified of an appeals tribunal's decision together with its reasons therefor, which shall be deemed to be the final decision of the division ...."

means that the formal notice to the parties constitutes the *final decision* of the agency, and the clause which concludes the statutory subsection:

2. Section 288.130.3:
"The deputy may ... at any time within a year from the date of his determination, for good cause, reconsider the determination ...."
The power of a deputy under § 288.130.3 to reconsider a determination, however, lapses upon the lodgement of a timely appeal from that action to a superior tribunal. *St. Louis County Transit Company v. Division of Employment Security*, 466 S.W.2d 198, 202[1, 2] (Mo.App.1971); *Wagner v. Unemployment Compensation Commission*, 355 Mo. 805, 198 S.W.2d 342, 346[4] (1946).

3. Section 288.200.2:
"[T]he commission may on its own motion and by a written decision reconsider any determination or redetermination or decision ...."
The rationale of *St. Louis County Transit* and *Wagner*, applies with equal validity to limit the

"unless within ten days after the date of notification or mailing of such decision further appeal is initiated [to the Industrial Commission] pursuant to section 288.200,"

does not continue the jurisdiction of the decision with the appeals tribunal for ten days but merely expresses the scheme of the unemployment security laws that an appeal to a superior administrative tribunal [in this case, the Industrial Commission within ten days from notification [§ 288.-200.1] supersedes the operation of the subordinate adjudication. *St. Louis County Transit Company v. Division of Employment Security*, 466 S.W.2d 198, 202[1, 2] (Mo.App.1971).

The respondents liken the prerogative of an administrative appeals tribunal to the power of a circuit judge to reopen a judgment within the thirty days of entry. That authority rests on Rule 75.01, a promulgation of the Supreme Court with the force of statute. Mo.Const. Art. V, § 5 (1945 as amended). The appeals tribunal has no comparable vestment of authority. The power to readjudicate after final decision was withheld from the appeals tribunal although granted by the unemployment security laws to both a division deputy[2] and to the Industrial Commission.[3] The legislative intention to withhold that distinctive exercise from the appeals tribunal could not be more pointed.[4]

power of the Commission to reconsider only those decisions not appealed for judicial review. See: § 288.210.

4. There is intimation in the record that the employer was not present or represented at the original hearing before the appeals tribunal because counsel was otherwise engaged. No formal request for continuance of hearing by the employer appears in the legal file nor in any of the proceedings. The original decision of March 11, 1977, which reversed the determination by the deputy of disqualification of the claimant for benefits specifically recites that the employer offered no evidence. The order of March 21, 1977, to rehear the decision of March 11, 1977, specifically states as the purpose: "for hearing of the employer's testimony prior to final decision." As we hold, that procedure was not valid simply because not autho-

■ In the absence of a statutory authority to an appeals referee to reconsider a decision already reached and imparted to the litigants, the argument that such a prerogative derives by implication or analogy avails even less. Thus, where no statute vested specific authority to reopen a decision, the administrative agency was without jurisdiction to undertake such an exercise. *Peerless Fixture Co. v. Keitel*, 355 Mo. 144, 195 S.W.2d 449, 451[1] (1946). And where the statute was later amended to endow that authority, an administrative order to reconsider the decision which neglected to comply with the strict precedent requirements of the law for such exercise, was not valid. *Howell v. Division of Employment Security*, 240 Mo.App. 931, 222 S.W.2d 953, 956[6–9] (1949). Thus, the authority of an administrative tribunal to set aside a final decision must clearly appear from the statute, and even then with a faithful compliance.

■ We do not say that an appeals tribunal may not amend a decision still tentative. We do say that a decision formulated and disclosed to the litigants by the notice due under § 288.190.3 is no longer tentative, but final. See: *Wagner v. Unemployment Compensation Commission*, 355 Mo. 805, 198 S.W.2d 342, 346[4] (1946).

The judgment of the circuit court is reversed with directions for remand to the Industrial Commission to reinstate the decision of March 11, 1977.

All concur.

rized by statute, whatever the motive for the exercise. The want of a defined procedure for reconsideration of appeals tribunal decisions—although the deputy and Industrial Commission are endowed with that power—presents no anomaly. That is simply because on review from the appeals tribunal, the Industrial Commission may take additional evidence [§ 288.-200.1]—and thus correct any lapse of proof in the subordinate tribunal.