STATE of Missouri ex rel. LAIDLAW WASTE SYSTEMS, INC.,
Appellant,

v.

CITY OF KANSAS CITY, MISSOURI,
et al., Defendants,

Goldeth Cox and Joanne Renz, City of Kansas City and Board of Zoning Adjustment, Northwest Land Company, Inc., Carsten Realty, Show–Me Land Vistas, Inc., d/b/a Northstar Village Mobile Home Park, Property Reserve, Inc., Respondents.

No. WD 46651.

Missouri Court of Appeals, Western District.

June 22, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 27, 1993.

James Lee Moeller, Kansas City, MO, for appellant.

James W. Farley, Platte City, Kathleen A. Hauser, Kansas City, Leary G. Skinner, Liberty, Terry J. Satterlee, Kansas City, James G. Trimble, Parkville, Robert Wilson McKinley, Kansas City, for respondents.

Before BRECKENRIDGE, P.J., and SHANGLER & SPINDEN, JJ.

SPINDEN, Judge.

Laidlaw Waste Systems, Inc., appeals the trial court's conclusion that the Kansas City Board of Zoning Adjustment (BZA) does not have authority to rehear an application for a landfill use permit it has denied. When BZA denied Laidlaw's application for a five-year, conditional use permit, Laidlaw asked it to rehear the application. BZA agreed, but denied the application again after rehearing.

Laidlaw appealed the denial to circuit court, but the court dismissed the appeal. The court reasoned that BZA did not have authority to rehear Laidlaw's application, so only BZA's original decision—not the second decision after rehearing—could be appealed. Because Laidlaw's appeal was well beyond the 30-day statutory limit for appealing the original decision, the court dismissed the appeal. We affirm.

1. BZA rules provided that a rehearing could be granted if requested within 30 days from the

Laidlaw applied for the permit on November 9, 1990. BZA held public hearings and denied the application on May 24, 1991. Laidlaw asked for a rehearing on June 21, 1991, so it could introduce new evidence. Laidlaw complied with all of BZA's requirements for obtaining a rehearing.[1] On July 9, 1991, BZA granted Laidlaw's request for a rehearing, but on December 7, 1991, it again denied Laidlaw's application. On January 6, 1992, Laidlaw sought a writ of certiorari from the Circuit Court of Clay County to review BZA's decision.

Show–Me Land Vistas, Inc., Goldeth Cox, Joanne Renz, and Property Reserve, Inc., filed motions to dismiss Laidlaw's appeal, asserting that BZA had no authority to rehear applications for conditional use permits. On July 13, 1992, the court granted the motions and dismissed Laidlaw's appeal. Laidlaw contends in this appeal that BZA has authority to grant a rehearing on an application for a conditional use permit.

An administrative agency possesses only those powers conferred upon it by the legislature. *Scheble v. Missouri Clean Water Commission*, 734 S.W.2d 541, 556 (Mo.App.1987). BZA's authority is limited to what the General Assembly and the city council conferred upon it by statutes and ordinances.

Section 89.080, RSMo Cum.Supp. 1992, authorizes a city to create a board of adjustment which can adopt rules in accord with city ordinances. Section 89.090.1, RSMo Cum.Supp.1992, empowers a board of adjustment:

(1) To hear and decide appeals where it is alleged there is error in any order, requirement, decision, or determination made by an administrative official in the enforcement of these sections or of any ordinance adopted pursuant thereto;

(2) To hear and decide all matters referred to it or upon which it is required to pass under such ordinance[.]

Pursuant to this authority, Kansas City's city council created BZA. Its ordinances instructed:

date of BZA's decision and if four board members who originally heard the case agreed.

The action of the board shall be final unless an appeal is taken to the circuit court of the county in which the property is situated within thirty (30) days of the date the decision was filed in the office of the board. *No case shall be reopened* nor shall any application be accepted constituting the same appeal involving the same property upon which the board has taken final action for at least one (1) year from the date of the final action by the board.

....

The board may grant a rehearing upon *any appeal* if an application for such rehearing, which includes new evidence to be presented which was not considered by the board at the hearing, is made to the board within thirty (30) days of the date upon which the applicant was notified of the board's original action.

Kansas City Code, §§ 39.315 and 39.316 (emphasis added). The ordinance is clear and unambiguous. It specifically prohibits rehearings within one year with one exception: an appeal in which new evidence is to be presented. The only appeals heard by BZA are codes administrator cases. Laidlaw's case was not an appeal from the codes administrator; it was a hearing on an application for a conditional use permit.

Laidlaw acknowledges that the ordinance "is silent regarding rehearings of conditional use permit cases," but it argues that the rehearing provision should not be read so narrowly. It urges us to apply the rehearing exception for appeals to all cases pending before BZA. Laidlaw reasons:

... BZA did not have jurisdiction over conditional use permit cases in 1970, when the City enacted the original ordinance mentioning BZA rehearings.... Because conditional use permit cases thus were not heard by the BZA in 1970, it is not surprising that the ordinance failed to give the BZA the authority to conduct rehearings in such cases, and consequently no conclusion can be drawn about any legislative intention to deny rehearing authority in such cases. An opposite conclusion may be drawn from years of subsequent legislative inaction, when the City Council failed to withdraw

rehearing authority that the BZA openly exercised (through its Rules and Regulations) over conditional use permit cases after it acquired original jurisdiction over such matters.

Laidlaw overlooks the ordinance's provision that "[n]o case shall be reopened" and that it differentiates between appeals and other cases.

Nevertheless, because the ordinance is not ambiguous, the extrinsic tool of interpretation suggested by Laidlaw is inappropriate. "[W]hen a statute is clear and unambiguous, extrinsic aids to statutory construction cannot be used." *Blue Springs Bowl v. Spradling*, 551 S.W.2d 596, 599 (Mo. banc 1977). From the ordinance's plain language, we conclude that BZA did not have authority to consider a rehearing motion in Laidlaw's case.

Laidlaw, however, relies on the decision of the Supreme Court in *Rosedale–Skinker Improvement Association v. Board of Adjustment*, 425 S.W.2d 929 (Mo. banc 1968), as holding that BZA had implied authority to grant a rehearing. Laidlaw's reliance is misplaced.

At issue in *Rosedale–Skinker* was whether the St. Louis Board of Adjustment had authority to hold a second hearing after a hearing in which it affirmed the building commissioner's denial of a zoning variance. The court concluded that the board could reopen a case to hear evidence of a changed circumstance so long as it did so while it was vested with jurisdiction of the application.

Although the court did conclude, as Laidlaw emphasizes, that the St. Louis board "had ... authority to grant [a] rehearing," the court in no way reached that conclusion on the basis that zoning boards generally have inherent authority to grant rehearings. The court noted that the St. Louis zoning code authorized the board to "make such order, requirement, decision or determination as ought to be made, and to that end *shall have all the powers of the building commissioner or the board of public service*." *Id.* at 931–32 (emphasis added). Because the building commissioner had au-

thority to hear the applicant's evidence of a changed circumstance, and because the building commissioner had been divested of jurisdiction because the application had been appealed to the board of adjustment, and because the ordinance conferred on the board of adjustment all the powers of the building commissioner, the court concluded that the board of adjustment could do what the building commissioner could have done had he had jurisdiction: hear the new evidence. *Id.* at 932.

Laidlaw stresses the *Rosedale–Skinker* court's reliance on a commentator's suggestion:

"The power to reopen a cause before a board of appeals, should not be interpreted with too much refinement, nor should it be hedged about with too much technicality, if, in the meantime, no rights have arisen which would be injured by a re-opening of the subject and if *material, new* conditions have arisen." Metzenbaum, Law of Zoning, Vol. 2, Second Edition, p. 900.

*Id.* (emphasis in original). The court's emphasis of material, new conditions makes clear that it was endeavoring to determine how the board of zoning could hear new evidence without sending the matter back to the building commissioner. Moreover, the commentator restricted the application of his observation to "a board of appeals," not the role BZA was playing in Laidlaw's case. *Rosedale–Skinker* is not instructive to Laidlaw's case.

In the absence of authority conferred by a statute or ordinance, a zoning board does not have the power to rehear a case. "The powers imparted by the legislature may be expressly or impliedly conferred by the statute.... Implication of a power, however, is only proper if it *necessarily* follows from the language of the statute." *Scheble*, 734 S.W.2d at 556 (emphasis added). As this court stated in *Sheets v. Labor and Industrial Relations Commission,* 622 S.W.2d 391, 394 (Mo.App.1981):

In the absence of a statutory authority to an [administrative agency] to reconsider a decision already reached and imparted to the litigants, the argument that

such a prerogative derives by implication or analogy avails even less. [W]here no statute vest[s] specific authority to re-open a decision, [an] administrative agency [is] without jurisdiction to undertake such an exercise.... [T]he authority of an administrative tribunal to set aside a final decision must clearly appear from the statute[.]

Rehearing authority in conditional use permit cases does not "necessarily follow" from the language of the ordinances. Because it has not been granted the authority, BZA may not reconsider a final conditional use permit decision.

■ Section 89.110, RSMo 1986, provides that "[a]ny person ... aggrieved by any decision of the board of adjustment" may file a petition with the circuit court "within thirty days after the filing of the decision in the office of the board." Time limits imposed upon administrative agencies by statute are jurisdictional. When a limit expires, the agency loses jurisdiction. *R.B. Industries, Inc. v. Goldberg,* 601 S.W.2d 5, 7 (Mo. banc 1980).

■ A party seeking circuit court review of a BZA decision must file his petition for review in the circuit court within 30 days after BZA enters its decision. Section 89.110. Neither the courts nor the BZA can extend this time limit. Laidlaw did not file a petition for review in the circuit court within 30 days after BZA entered its original decision; therefore, the trial court was deprived of jurisdiction over the matter and properly dismissed the petition. We affirm the judgment of the trial court.

All concur.