Iva W. HAYNES v. UNEMPLOYMENT COMPENSATION COMMISSION OF MISSOURI, and E. J. KEITEL, HARRY P. DRISLER and GEORGE A. ROZIER, Members, and INTERNATIONAL SHOE COMPANY, a Corporation, Appellants.—No. 39062.—183 S. W. (2d) 77.

Division One, November 6, 1944.

*Edward D. Summers*, Acting Chief Counsel; *George A. Rozier* of counsel.

*Robert C. Hyde* for respondent.

DALTON, C.—This is an action to review a decision of the Unemployment Compensation Commission denying respondent's claim for benefits under the Unemployment Compensation Law. Chapter 52, Art. 2, Sec. 9421 et seq., R. S. 1939. The circuit court reversed the decision of the Commission and remanded the cause for further proceedings not inconsistent with the findings of the court. The members of the Commission have appealed.

Respondent's claim for benefits was filed with the Commission on April 9, 1943 and was duly assigned to a claims deputy for determination. Section 9432, R. S. 1939, as amended, Laws 1941, pp. 566, 612, Sec. 9. The claims deputy examined the claim and, on the basis of facts found by him, determined that under the provisions of Sec. 9430(c), R. S. 1939, as amended, Laws 1941, pp. 566, 607, Sec. 7,

respondent was ineligible for benefits because she was not ''available for work.'' Respondent appealed from the decision of the claims deputy and a hearing was had before an appeals referee, who entered his decision affirming the determination of the claims deputy that respondent was ineligible for benefits. Respondent, thereafter, applied to the Commission for leave to appeal from the finding and determination of the appeals referee, but the application was denied and the decision of the appeals referee was adopted as the decision of the Commission. Sec. 9432(e), R. S. 1939, as amended, Laws 1941, pp. 566, 612, Sec. 9. Respondent then filed in the Circuit Court of Butler County her petition for review and that court reversed the decision of the Commission. The cause has been submitted here on the abstract and brief of appellants. Respondent has not favored us with a brief.

The facts are not in dispute. Respondent is a married woman and resides with her husband and two minor children in Poplar Bluff. Prior to September 25, 1942, she was employed by the International Shoe Company as a cutter, on a piece work basis, at an average wage of $35.00 per week. Shoe factory work is the only kind of employment claimant has ever had outside of her home. She left this employment on the advice of a physician, who was treating her for a nervous condition and nervous spells. She had been working with heavy material, and the work was ''rather hard, nervous work.'' With reference to how the work affected her health, respondent testified: ''Well, I don't know, only that we are working nine hours a day for five days and a half a week, and then of course I have two children, and when I would get home I wouldn't get any rest because of them, █ and it was just, you might say, continuous working all the time. . . . The last month or two that I worked down there sometimes I would have to quit and go home because of my condition. See, my nerves, it causes palpitation of the heart, and when my heart starts running away, I have just got to take out.'' Respondent was last treated by her physician in February 1943, prior to the June 23, 1943 hearing, but on June 21, 1943, her physician issued a physician's certificate to the effect that she was not physically able to do regular work, but could do light work. Respondent registered for work at the employment office on April 9, 1943, but did not reapply for work with her former employer. Respondent stated her reasons as follows: ''I have wanted to go back to International and I have thought a good deal about it, because I do like the work and I got along fine down there with Mr. Ristig, my boss, but I also asked my doctor about it and he says that he's treated me long enough; he knows if I should, I would just be back like I was, so there is no use to begin again and then have to stop.'' At the hearing on June 23, 1943, a representative of the Shoe Company stated: ''The foreman will be glad to have her back any time she is able to work, and so far as we

know, she left strictly voluntarily on account of her health. . . . We have other work that is not as strenuous as cutting. . . . We have other work where she could sit down and work at a machine. It would be a lighter job probably than standing on her feet, but they are all on piece work. There would be the same nervous strain, if it affects a person's nerves, as it does in some cases." Respondent thereupon indicated that she could not continue with her former work and that the other work suggested was unacceptable to her. Other evidence is summarized in the Commission's findings of fact, as follows: "All of the claimant's work experience has been in shoe factories as a cutter. She last worked at the employer's factory for eleven months, quitting on September 25, 1942 on the advice of her physician, who had recommended that she seek less strenuous work. She testified that since the birth of her last child eight years ago, she has suffered from nervousness. Prior to quitting the employer, she was under the care of a physician for about three months. She will not return to work at the present time as a cutter because she contends that such strenuous work aggravates her nervous condition. The employer's witness testified that work as a cutter, which is the operation of a clicking machine, is normally a man's work, although a few women have been capable of maintaining production on this type of work.

"The claimant has completed two years of high school, but has had no special training. At the present time she will not accept any type of work in a shoe factory. The only work which she will accept is work as a sales clerk. Two employers have rejected her applications for this type of work because she has had no experience. . . . She is able to do light work, but cannot perform the strenuous work of a cutter, the only work in which she has had experience. . . . "

On the basis of the foregoing facts the Commission held that respondent had "unreasonably limited her availability (when she limited it to only one type of work in which she had had no experience or training"); that she had so restricted the type of work she would be willing to accept she was unavailable for work; and that she was ineligible for benefits.

The judgment of the circuit court, as entered after a hearing on the petition for review, holds "that under the evidence, plaintiff, Iva W. Haynes, has met all of the conditions of eligibility for benefits under the Unemployment Compensation Law . . . and . . . that the decision of the defendants . . . to the effect that said Iva W. Haynes was unavailable for work during the weeks for which she claimed benefits . . . is contrary to the evidence in this cause and . . . unsupported by substantial competent evidence."

Section 9430, R. S. 1939, as amended, Laws 1941, pp. 566, 607, Sec. 7, provides that, "An unemployed individual shall be eligible to receive benefits with respect to any week only if the Commission finds that (a) he has registered for work at and thereafter has continued to

report at an employment office in accordance with such regulations as the Commission may prescribe; (b) he has made a claim for benefits in accordance with the provisions of Section 9432(a); (c) he is able to work, and is available for work; and . . . ''

In the case under consideration appellants admit that the respondent has met ▉ all of the conditions specified in Sec. 9430, R. S. 1939, as amended, Laws 1941, p. 566, l. c. 608, Sec. 7, except that part of paragraph (c) which requires a finding by the Commission that the claimant is ''available for work'' before she is entitled to receive unemployment benefits. Appellants insist that respondent, during the time she claimed benefits, was not available for work within the meaning of said statute.

▉ The Unemployment Compensation Law of our state expressly provides that it must be ''liberally construed to accomplish its purpose to promote security against unemployment.'' (Sec. 9422, R. S. 1939, as amended, Laws 1941, p. 566, Sec. 1). While it has been said that the ''unemployment compensation laws are not necessarily designed for the adjustment of rights between employees and employers in the sense that they are adversary litigants,'' (S. S. Kresge Co. v. Unemployment Compensation Commission, 349 Mo. 590, 162 S. W. (2d) 838, 841), we think it is apparent that the burden of proof to establish a claimant's right to benefits under the unemployment compensation law rests upon the claimant. Queener v. Magnet Mills (Tenn.), 167 S. W. (2d) 1. An unemployed individual is eligible to receive benefits only if the commission finds that the required conditions have been met. The claimant assumes the risk of non-persuasion and we think the general rule applicable to ordinary court proceedings applies. ''The burden of proof, meaning the obligation to establish the truth of the claim by preponderance of the evidence, rests throughout upon the party asserting the affirmative of the issue . . . This burden of proof never shifts during the course of the trial.'' Downs v. Horton, 287 Mo. 414, 230 S. W. 103, 108; Clapper v. Lakin, 343 Mo. 710, 123 S. W. (2d) 27, 33.

▉ Section 9432A, Laws 1941, pp. 566, 619, Sec. 10, providing for judicial review, states: ''In any judicial proceeding under this section, the findings of the Commission as to the facts, if supported by competent and substantial evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of said court shall be confined to questions of law.'' See, S. S. Kresge Co. v. Unemployment Compensation Commission, supra; A. J. Meyer & Co. v. Unemployment Compensation Commission, 348 Mo. 147, 152 S. W. (2d) 184, 186. In a case of this character, a finding by the Commission that respondent was not ''available for work'' and denying her claim for benefits on the ground that she was ineligible for such benefits need not be supported by affirmative, substantial evidence tending to show that she was *not* available for work, because the burden was on her,

as claimant, to show prima facie that she was entitled to the benefits claimed. See, Bloch v. Kinder, 338 Mo. 1099, 93 S. W. (2d) 932; Conley v. Crown Coach Co., 348 Mo. 1243, 159 S. W. (2d) 281, 283.

In this case the commission determined the question of claimant's availability for work from a consideration of facts which are not in dispute. The findings of fact by the commission clearly show that the commission accepted the testimony of claimant as being a true and correct statement of the facts. The question presented upon this appeal, therefore, is one of law upon the admitted facts which the commission has adopted and incorporated into the findings of fact. The question is whether, the respondent was "available for work" within the meaning of said Sec. 9430, as amended. Laws 1941, pp. 566, 607, Sec. 7, and whether she was entitled to benefits under the Unemployment Compensation Law? The question has not previously been considered in this state.

Appellants take the "position that in order to be available for work, a claimant must be willing and ready and in a position to accept at once any work which may be considered suitable for him and which he has reasonable prospects of obtaining." Appellants say that "whether or not any type of work is suitable for a given individual is to be determined in accordance with Subsection (d) (1) of Section 9431, R. S. 1939, as amended, Laws 1941, p. 566, l. c. 610, which provides in part as follows: '(1) In determining whether or not any work is suitable for an individual, the commission shall consider, among other factors and in addition to those enumerated in subclause (2) of this clause, the degree of risk involved to his health, safety and morals, his physical fitness and prior training, his experience and prior earnings, his length of unemployment, his prospects for securing work in his customary occupation, the distance of available work from his residence and his prospects of obtaining local work.' " Under this last section it has been held that, in determining the question of "suitable work," each case must rest upon its own facts. S. S. Kresge Co. v. Unemployment Compensation Commission, supra, (349 Mo. 590, 162 S. W. (2d) 838, 841). The unemployment compensation law, however, contains no definition of the words "available for work," and these words have not been construed by this court. The same words, however, are used in the unemployment compensation law of other states and have had consideration by the courts of several states.

Claims for unemployment benefits have been denied on the theory that the unemployed claimant was not "available for work," (1) where claimant could not, because of her children, continue to work on the third shift at a factory even though she could have worked on the first or second shifts (Judson Mills v. South Carolina Unemployment Compensation Commission (S. C.), 28 S. E. (2d) 535); (2) where claimant quit regular full time employment to go to school and

because of class work could work only between 1 P. M. and 9 A. M. (Keen v. Texas Unemployment Compensaton Commission, Court of Civil Appeals of Texas, 148 S. W. (2d) 211); (3) where claimant, being particularly susceptible to colds, could not continue to work in a room subject to drafts which did not affect other employees (Brown-Brockmeyer Co. v. Board of Review, 70 Ohio App. 370, 45 N. E. (2d) 152, 155); (4) where a variety store clerk refused to go back to her former position while waiting for employment in a factory at much higher wages (W. T. Grant Co. v. Board of Review of Unemployment Compensation Commission, 129 N. J. L. 402, 29 Atl. (2d) 859); (5) where claimant, an embroidery machine operator and a home worker for a garment company, followed her husband from New York to Washington, D. C. and because of her child could not accept factory employment, when it was impossible to secure home employment. (Salavarria v. Murphy, 43 N. Y. S. (2d) 899); (6) where claimant because of pregnancy had withdrawn from the labor market (Steinberg v. Miller, 263 App. Div. 916, 32 N. Y. S. (2d) 197); and (7) where claimant, a saleslady, voluntarily quit her employment, removed herself from the labor market and followed her husband to a place where no reasonable opportunity for work normally existed and where there was no reasonable expectation of finding any employment (Department of Labor et al. v. Unemployment Compensation Board of Review, 154 Pa. Sup. 250, 35 Atl. (2d) 739). See, also, Stella v. Downyflake Restaurant (Conn.), 11 Atl. (2d) 848.

"The primary rule of construction of statutes is to ascertain the lawmakers' intent from the words used if possible; and to put upon the language of the Legislature, honestly and faithfully, its plain and rational meaning and to promote its object, and 'the manifest purpose of the statute, considered historically,' is properly given consideration." Cummins v. Kansas City Public Service Co., 334 Mo. 672, 684, 66 S. W. (2d) 920, 925; Artophone Corporation v. Coale, 345 Mo. 344, 133 S. W. (2d) 343, 347. "Words and phrases (of a statute) shall be taken in their plain or ordinary and usual sense" (Sec. 655, R. S. 1939), and, accordingly, we must so consider the words "available for work," which are used in the unemployment compensation act. A. J. Meyer & Co. v. Unemployment Compensation Commission, supra, (348 Mo. 147, 152 S. W. (2d) 184, 189).

As stated, Section 9430(c), R. S. 1939, as amended, Laws 1941, pp. 566, 608, sec. 7, requires that an unemployed individual, in order to be eligible to receive benefits, shall be "able to work" and be "available for work." In making these two requirements it is apparent that the Legislature did not intend for unemployment benefits to be paid to persons who voluntarily or because of personal affairs, illness or physical disability withdrew from regular employment and thereafter arbitrarily restricted the type and kind of work that they would accept. When the Legislature declared that "economic insecurity due

to unemployment is a serious menace to the health, morals, and welfare of this state resulting in a public calamity (Sec. 9422, R. S. 1939, as amended, Laws 1941, p. 566, sec. 1), it did not use the word "unemployment" as including unemployment due to the cause mentioned, supra. The word "unemployment," was, we believe, used as meaning not employed because of lack of employment, that is, unemployment resulting from the failure of industry to provide employment. See, A. J. Meyer Co. v. Unemployment Compensation Commission, supra. This view is further supported by the well recognized rule of statutory construction that a statute must be constructed in the light of the evil which it seeks to remedy and in the light of conditions obtaining at the time of its enactment. Judson Mills v. South Carolina Unemployment Compensation Commission, supra; W. T. Grant Co. v. Board of Review of Unemployment Compensation Commission, supra. In providing that "an unemployed individual shall be eligible to receive benefits with respect to any week only if the commission finds that . . . he is able to work, and available for work," the Legislature required a sufficient showing of evidence to support a finding by the commission, and a finding by the commission, that the claimant was during said week "capable of being used to accomplish a purpose" for work; that he was "at disposal; accessible or attainable" for work; and that he was "ready, handy, convenient, usable and obtainable" for work. See, Webster's New International Dictionary, Second Edition.

In the case under consideration it is apparent from claimant's own testimony that she left her employment through no fault of her employer and for no cause connected with the employment; and that she clearly recognized that employment in some suitable capacity with her former employer had at all times been open to her, if she had been in a suitable physical condition to accept it. It further appears from the evidence, and from the finding of the commission, that claimant has voluntarily restricted her availability for employment to a particular field in which she has had no experience and where the prospects for employment, in view of her prior training and experience, is very limited. Claimant was not, therefore, "available for work" within the meaning of the unemployment compensation law and benefits were properly denied by the Commission.

The judgment is reversed and the cause remanded. *Bradley* and *Van Osdol, CC.,* concur.

PER CURIAM:—The foregoing opinion by DALTON, C., is adopted as the opinion of the court. All the judges concur.