BUSSMANN MANUFACTURING COM-
PANY, a corporation (Petitioner),
Appellant,

v.

INDUSTRIAL COMMISSION OF MIS-
SOURI, Stephen J. Millett, W. E. Free-
land, Charles Cates, being members of and
constituting the Industrial Commission of
Missouri, Division of Employment Securi-
ty, Department of Labor and Industrial
Relations, a public quasi corporation of
the State of Missouri; and Ora F. Abbott,
Respondents.

No. 30187.

St. Louis Court of Appeals.

Missouri.

Sept. 15, 1959.

David E. Horn, St. Louis, for appellant.

George Schwartz, Jefferson City, for Division of Employment Security.

Lloyd G. Poole, Jefferson City, for Industrial Commission of Missouri.

BRADY, Commissioner.

Respondent Abbott's claim for benefits was filed with the Commission on April 3, 1956, and was duly assigned to a claims deputy for determination. The claims deputy determined that the respondent Abbott quit "with good cause attributable to work." Appellant filed its appeal and a hearing was had before an Appeals Tribunal as provided by Section 288.190 RSMo 1949, V.A.M.S., which entered its decision

affirming the claims deputy. Appellant then applied to the Commission for leave to appeal from the determination of the Appeals Tribunal as provided by Section 288.-200, supra, but the application was denied by the Commission on the grounds that the "findings of fact of the Appeals Tribunal are supported by competent and substantial evidence and that the decision of the Appeals Tribunal was made in accordance with the law." Appellant then filed its petition for review in the circuit court of the City of St. Louis as provided by Section 288.210, supra, and that court found the decision supported by competent and substantial evidence upon the whole record and affirmed the decision of the Industrial Commission. This appeal follows an unsuccessful motion by appellant for judgment as prayed in its petition or, in the alternative, for a new trial.

The facts are agreed to by the parties and show that respondent Abbott had worked for appellant for three years and two months prior to March 2, 1956, and that on that date she took a leave of absence for one month because of sickness and returned to appellant's factory on April 2, 1956. Upon her return she was offered the same job she had upon leaving, but refused it. No other work was offered to respondent and she left the factory and the next day filed her claim for unemployment compensation. Respondent had been operating a solder cutting machine which had a quota and her refusal to return to that work was based upon her doctor's advice that at her age she should not operate any machine because it made her too nervous. Respondent was 49 years of age when she gave testimony and stated that while she had made her quota on the solder cutting machine, it tired her and pushed her to do it, and made her nervous. She had not been in good health for five years and was under doctor's care at the time of this occurrence due to menopause, and had been going to the doctor twice a week for shots.

Section 288.050 RSMo 1949, V.A.M.S., as amended, Laws of 1957, p. 531, section 1, V.A.M.S., provides:

"1. Notwithstanding the other provisions of this law, a claimant shall be disqualified for waiting week credit or benefits until after he has earned wages equal to ten times his weekly benefit amount if the deputy finds

"(1) that he has left his work voluntarily without good cause attributable to his work or to his employer; * * *"

The parties concede that this is a case of first impression in this State, there being no statutory definition of the language, "good cause attributable to his work or to his employer," and no previous decision where the courts of this State have had an occasion to interpret that language.

It is appellant's position that respondent Abbott left her work voluntarily due to her menopause difficulties and that these difficulties were not attributable to her work. Appellant further urges that respondent Abbott had the burden of proving her entitlement to benefits and that she failed to sustain this burden, and thus the trial court erred in finding that the decision of the Commission upholding her freedom from disqualification was supported by competent and substantial evidence on the whole record. The respondents contend that the issue at hand is an ultimate question of fact for the Commission to determine, and that under the law, its decision respecting that finding cannot be disturbed on review, because there was substantial evidence to support it and because the Commission, upon the whole record, could reasonably have reached its conclusion. Constitution of Missouri, 1945, Art. V, Sec. 22, V.A.M.S.; Meyer v. Industrial Commission of Missouri, 240 Mo.App. 1022, 223 S.W.2d 835.

We cannot agree with respondents that our function in this case is so limited. As this court said in Kroger Co. v. Industrial

Commission of Missouri, 314 S.W.2d 250, 254, where the same contention was made:

"We do not so consider the nature of the issue. Where, as here, the facts are agreed upon, the question 'of the award to be entered is one of law in which the conclusions of the Compensation Commission will not be binding upon the appellate court.' Horrell v. Chase Hotel, Mo.App., 174 S.W.2d 881, 886; Haynes v. Unemployment Compensation Commission, 353 Mo. 540, 183 S.W.2d 77, 80. An interpretation of a statute by an administrative body does not preclude, restrict or control the right of a complete review of such issue by the appellate court."

The primary rule of construction of statutes is to ascertain the lawmakers' intent from the words used, if possible, and to put upon the statutory language, honestly and faithfully, its plain and rational meaning to promote the object of the Act. Haynes v. Unemployment Compensation Commission, 353 Mo. 540, 183 S.W.2d 77, 80. The question thus presented for our decision is the meaning of the words, "good cause attributable to his work or to his employer," as that language is used in Section 288.050, supra, of the Missouri Employment Security Law. However, it is not upon the lack of "good cause" that appellant places its main reliance, but it strenuously urges that the cause, however good it might be, does not meet the requirement of being "attributable to her work or her employer."

In this connection, the claims deputy found:

"The claimant had been on sick leave due to high blood pressure and returned on 3–2–56 but refused reassignment to her former job as solder cutter operator, because her doctor advised her not to do machine work. She quit with good cause attributable to work."

The ultimate finding of the Appeals Tribunal, affirmed by the Commission and the circuit court was,

"The Referee finds that the claimant left her work voluntarily with good cause attributable to such work. As a result of illness and on the advice of her doctor the claimant's former type of work was no longer suitable for her. If she had continued to perform this type of work her health would have been endangered."

The doctor's letter was presented and admitted into evidence and states:

"May 2, 1956

"To whom it may concern:—

"I have treated Mrs. Ora Abbott for a hypertension for which I suggested rest. The hypertension is now under control.

/s/ Karl J. Balazs, M.D."

The rule is clearly established that the burden of proving a claimant's right to benefits under the Unemployment Compensation Law rests upon the claimant, Haynes v. Unemployment Service Commission, supra; Producers' Produce Co. v. Industrial Commission of Missouri, 365 Mo. 996, 291 S.W.2d 166. The respondent contends that her own testimony that her doctor told her "not to work on the machine," and "He said it made me too nervous at my age," and that she was to "Not operate no machine of any kind," being uncontradicted, was sufficient to support the above findings even though the letter from the doctor did not so state. Appellant's contention is that the letter from the doctor states that he had suggested rest and that the hypertension was now under control, probably due to the month's leave of absence which respondent had taken, and that respondent Abbott's own testimony shows that her illness was not caused by her job but was in fact due to her menopause.

■ The Missouri Employment Security Law uses the word "attributable." Webster's New International Dictionary, 2d Edition, defines "attribute" as "to ascribe (to) as belonging or pertaining." It is significant that this word was used in the Missouri statute and we believe the legislature's purpose in using that specific language was to require a causal connection between the disability and the work of the claimant. To hold otherwise would be to negate the meaning of the word "attributable" and the legislature's clear intention by the insertion of the clause "attributable to his work or to his employer" in the Employment Security Law. Moreover, a contrary holding would not carry out the intention of the Act as stated by Section 288.020, supra, " * * * for compulsory setting aside of unemployment reserves to be used for the benefit of persons unemployed *through no fault of their own*." (Emphasis supplied.) This construction of the meaning of the clause herein interpreted is in keeping with the liberal construction of the Employment Security Law as required by statute, Section 288.030, supra, and as stated by this court. ACF Industries, Inc. v. Industrial Commission of Missouri, Mo.App., 309 S.W.2d 676, reversed on other grounds, Mo., 320 S.W.2d 484.

■ Section 288.050, supra, limits or excepts certain claimants from the benefits of the Employment Security Law, a remedial act, and therefore must be strictly construed, Kroger Co. v. Industrial Commission of Missouri, supra. We are of the opinion that in order to prevent disqualification under Section 288.050, supra, it is not necessary for the claimant to sustain the burden of showing that her nervousness was caused solely and only by the work she was doing. Work causing an aggravation of an existing condition, or work that was a contributing factor to the illness is also encompassed within the meaning of the clause "attributable to his work or to his employer," the only requirement being that there exist a causal connection between the work and the aggravation of, or con-

tribution to, the disability. In short, even if we assume appellant is correct in its contention that the cause of respondent Abbott's nervousness was her menopausal difficulties, if the evidence would support a finding of aggravation of her nervous condition by her work, or that such work contributed to her nervous condition, then respondent would not be disqualified under the provisions of Section 288.050, supra. Our opinion in this regard is strengthened by noting the further provisions of Section 288.050, supra. Paragraph 1(2) (a) of that section deals with the failure of the employee to apply for available, suitable work, and in determining whether or not any work is suitable for an employee, the Unemployment Compensation Division is empowered to consider, among other factors, the degree of risk involved to his health, safety and physical fitness. As was said in Fannon v. Federal Cartridge Corp., 219 Minn. 306, 18 N.W.2d 249, 252, 158 A.L.R. 389, by the Minnesota Supreme Court, in a case involving their statute which is for all intents and purposes identical in wording as to both paragraphs (1) and (2) of our Act.

"Under this section, a claimant cannot be disqualified for refusing to *accept* employment which may be a risk to or endanger his health. If this be true, then certainly it is unreasonable to hold that a claimant must lose credits or be denied benefits where he has been compelled to *terminate* employment because such employment has resulted in a physical condition or disease likewise dangerous to health and personal safety."

■ It is true that there is no evidence to support the findings that "claimant stated that the constant pressure of machine work caused her blood pressure to rise. The blood pressure caused her to become nervous," and "she presented her employer with a statement from her doctor which indicated that she should not do machine work," but it is the final, ultimate finding of

the Referee and of the Appeals Tribunal as affirmed by the Commission and the circuit court with which we are concerned, Krisman v. Unemployment Compensation Commission, 351 Mo. 18, 171 S.W.2d 575. That finding was that the claimant left her work voluntarily with good cause attributable to such work. Since the doctor's statement did not say anything about whether or not respondent Abbott should do machine work, the only evidence to show any aggravation or contribution to respondent Abbott's nervous condition attributable to her work were her own statements as to what the doctor told her. These statements by respondent Abbott were not only self-serving but were also hearsay. However, the statements were admitted without objection at the hearing before the Referee and the record discloses no objection to the statements at the hearing before the Appeals Tribunal, nor upon the application for review to the Commission. The rules governing the scope of judicial review in unemployment compensation cases are the same as those applicable in workmen's compensation cases, Union-May-Stern Co. v. Industrial Commission of Missouri, Mo. App., 273 S.W.2d 766. We have previously held that hearsay and self-serving declarations admitted into evidence without objection should be given their natural probative effect, Tebeau v. Baden Equipment & Construction Co., Mo.App., 295 S.W.2d 184, at page 190; Nations v. Barr, Mo. App., 43 S.W.2d 858, at page 861. It follows that these statements can be considered to support the finding of the Commission and indeed, considering the lack of any evidence introduced by the appellant to contradict them, constitute the only evidence upon the point.

We conclude that the respondent Abbott quit her employment with good cause attributable to her work, and it follows that the decision of the circuit court should be affirmed. The·Commissioner so recommends.

PER CURIAM.

The foregoing opinion of BRADY, C., is adopted as the opinion of the court.

The decision of the circuit court is, accordingly, affirmed.

WOLFE, P. J., and ANDERSON and RUDDY, JJ., concur.