**BUSSMANN MANUFACTURING COM- PANY, a corporation (Petitioner), Plaintiff-Appellant,**

v.

**INDUSTRIAL COMMISSION of Missouri, DIVISION OF EMPLOYMENT SECURI- TY, and Violette Pogue, Defendants-Re- spondents.**

No. 30410.

St. Louis Court of Appeals.

Missouri.

May 17, 1960.

· Robert W. Kroening, St. Louis, Chapman, Schwartz, Chapman & Kroening, St. Louis, of counsel, for appellant.

Donald H. Clooney, St. Louis, for Violette Pogue.

George Schwartz, Jefferson City, for Div. of Employment Security.

Lloyd G. Poole, Jefferson City, for Industrial Commission of Mo.

BRADY, Commissioner.

Violette Pogue, respondent, a married woman, had worked for the appellant as a coil winder for two years and four months prior to leaving her employment with appellant on February 28, 1958, because of her pregnancy. Her child was born on March 8th. She had no other reason for leaving her job, and stated that if she had not been pregnant, she would have continued working. Upon leaving the employment of appellant, she asked for leave of absence, but was refused one, and on that occasion she was told that when she wished to return to work, if there was anything for her to do, she would be rehired. Her doctor released her and she was ready to return to work approximately two and a half months after the baby's birth. Upon application to return to work, she was told there was no work available for her. She thereupon filed her initial claim for unemployment compensation benefits, which is the subject of these proceedings. Her availabilty to work is admitted by the appellant.

A deputy in the Missouri Division of Employment Security determined that respondent was eligible for benefits, and subject to no disqualification. The appellant

took an appeal from the deputy's determination to the Appeals Tribunal, which, after a hearing, found that respondent was eligible for benefits and not subject to disqualification, and affirmed the deputy's determination. The appellant made a timely application to the Industrial Commission of Missouri for a review of the Appeals Tribunal, as provided by Section 288.210 RSMo 1949, V.A.M.S., and the application for review was denied. By virtue of the action of the Industrial Commission in denying appellant's application for review, the decision of the Appeals Tribunal is deemed to be the decision of the Commission, for the purpose of judicial review. Section 288.200 RSMo 1949, V.A.M.S. Appellant filed the petition for review with the circuit court of the City of St. Louis, and that court affirmed the decision of the Appeals Tribunal. Following unsuccessful after trial motions, this appeal was duly perfected.

The section of the Employment Security Law involved is Section 288.050, subd. 1(1) RSMo 1949, V.A.M.S., as amended, Laws of 1957, p. 531. The pertinent parts of that section read as follows:

"1. Notwithstanding the other provisions of this law a claimant shall be disqualified for waiting week credit or benefits until after he has earned wages equal to ten times his weekly benefit amount if the deputy finds

"(1) That he has left his work voluntarily without good cause attributable to his work or to his employer; * * *"

The respondent's basic position throughout has been that there are two elements to the disqualification provided in Section 288.050, subd. 1(1), supra. First, the leaving must be the voluntary act of the employee, and second, this voluntary leaving must be without good cause attributable to her work or to her employer; that if Mrs. Pogue's leaving was not voluntary, the disqualifying provision of the statute does not apply, and it is then unnecessary to determine the existence or non-existence of good cause attributable to her work or to her employer.

The trial court, on reviewing the decision of the Commission, adopted respondent's position, in part, by finding that the undisputed facts established that claimant's separation from employment was involuntary. In so ruling, the trial court relied upon Section 290.060, RSMo 1949, V.A.M.S., which reads:

"It shall be unlawful for any person, firm or corporation to knowingly employ a female or permit a female to be employed in any of the divers kinds of establishments, places of industry, or places of business specified in section 290.040, within three weeks before or three weeks after child birth. Any person, firm or corporation who shall violate this section shall be deemed guilty of a misdemeanor."

The trial court found that because of the above statute, "The termination of employment of a pregnant woman three weeks before childbirth, in Missouri, is coercive under state law and therefore not voluntary." However, the trial court further found that the claimant's leaving under such circumstances " * * * constituted good cause within the meaning of Section 288.050." The decision of the Industrial Commission was affirmed because:

"1. The hearing and order of said Respondent was authorized by law;

"2. Said decision of Respondent is supported by competent and substantial evidence."

There is no dispute as to the evidence. The question presented is one of law, and the conclusions of the Commission will not be binding upon this court. The interpretation of Section 288.050, supra, by the administrative body here involved does not preclude, restrict, or control the right of a complete review of the issue by this court. Bussmann Manufacturing Co. v. In-

dustrial Commission et al., Mo.App., 327 S.W.2d 487; Kroger Co. v. Industrial Commission of Missouri, Mo.App., 314 S.W.2d 250.

The point presented for our decision is whether an employee who leaves her work due to pregnancy does so " * * voluntarily without good cause attributable to his work or to his employer" as that language is used in Section 288.050, supra. In determining this question, our duty is to construe the statute by ascertaining the lawmakers' intent from the words used, if possible, and to put upon the statutory language, honestly and faithfully, its plain and rational meaning to promote the object of the Act. Bussmann Manufacturing Co. v. Industrial Commission of Missouri, et al.; supra; Haynes v. Unemployment Compensation Commission, 353 Mo. 540, 183 S.W.2d 77. Section 288.020 RSMo 1949, V.A.M.S., requires a liberal construction of the Employment Security Law. ACF Industries, Inc. v. Industrial Commission of Missouri, Mo.App., 309 S.W.2d 676, reversed on other grounds, Mo., 320 S.W.2d 484. Since the provisions of Section 288.-050,' subd. 1(1), supra, limit or except certain claimants from the benefits of a remedial act, the Employment Security Law, that section is to be strictly construed. Bussmann Manufacturing Co. v. Industrial Commission of Missouri, supra; Kroger Co. v. Industrial Commission of Missouri, supra.

Respondent's basic position is unsound. There is no basis for any splitting of this clause into separate requirements, and still less for the argument that only one of the two elements thus created need be proved by the claimant. We have no authority to supply or insert words in a statute unless there is an omission plainly indicated and the statute as written is incongruous or unintelligible and leads to absurd results. Wolfson v. Chelist, Mo. App., 278 S.W.2d 39. This statute is not of that character. What respondent would have this court do is to judicially legislate the word "or" into the clause here involved, after the word "voluntarily", so that it would read in the disjunctive, requiring proof only upon one of the two elements then stated therein. Norberg v. Montgomery, 351 Mo. 180, 173 S.W.2d 387; Dodd v. Independence Stove & Furnace Co., 330 Mo. 662, 51 S.W.2d 114. If such had been the legislative intention, it would have been easy of accomplishment, but they did not do so, and we are not empowered to contort their plain, clear language. To rule as respondent urges would be to negate the use of the words, " * * * without good cause attributable to his work or to his employer." Yet the rules of statutory construction require that we give every word, phrase, and sentence in the statute some meaning, unless it is in conflict with the legislative intent. Anderson v. Deering, Mo.App., 318 S.W.2d 383; Miltenberger v. Center West Enterprises, Mo.App., 251 S.W.2d 385. We are not to presume that the legislature intended to use superfluous or meaningless words in a statute, Dodd v. Independence Stove & Furnace Co., supra. The word, "without", is of significance. Webster's New International Dictionary, 2d Edition, defined the word as "not having or using; lacking." The meaning of the word in Section 288.050, subd. 1(1) supra is that one is disqualified if he leaves his work without, that is, not having, lacking, good cause attributable to his work or to his employer. By the use of the words employed in this clause, the legislature recognized that when the pressure of real, not imaginary, substantial, not trifling, reasonable, not whimsical, circumstances compel the decision to leave employment, the decision may be said to be voluntary in the sense that the worker has willed it, but may equally be said to be involuntary because outward pressures have compelled it, and sought to avoid such semantics in defining when a leaving was voluntary or involuntary by further restricting that term by adding " * * * without good cause attributable to his work or to his employer." Neither is such a result in conflict with the

legislative intent as to the purpose of the whole Employment Security Act, but furthers such intention as stated in Section 288.020 RSMo 1949, V.A.M.S., as being for the " * * * compulsory setting aside of unemployment reserves to be used for the benefit of persons unemployed through no fault of their own." In this connection, we do not interpret the word "fault" as meaning something blameworthy, culpable, or wrongful, but find that word to mean "failure" or "volition." Moulton v. Iowa Employment Security Commission, 1948, 239 Iowa 1161, 34 N.W.2d 211. Thus, the purpose of the Employment Security Act is to provide for the compulsory setting aside of an unemployment reserve to be used for the benefit of persons unemployed through no volition of their own. The clause, " * * * voluntarily without good cause attributable to his work or to his employer" comprises a single factual standard which the claimant must prove existed in order to avoid disqualification.

In Bussmann Manufacturing Co. v. Industrial Commission of Missouri, supra, 327 S.W.2d 487, at loc. cit. 491, this court held:

"The Missouri Employment Security Law uses the word 'attributable.' Webster's New International Dictionary, 2d Edition, defines 'attribute' as 'to ascribe (to) as belonging or pertaining.' It is significant that this word was used in the Missouri statute and we believe the legislature's purpose in using that specific language was to require a causal connection between the disability and the work of the claimant. To hold otherwise would be to negate the meaning of the word 'attributable' and the legislature's clear intention by the insertion of the clause 'attributable to his work or to his employer' in the Employment Security Law."

It follows from what we have stated above that the clause, " * * * voluntarily without good cause attributable to his work or to his employer", means that this claimant, and the burden is indisputably hers, must prove that her leaving was voluntary not having good cause which established a causal connection between her disability and her work. It is obvious that under the facts disclosed by this record, such proof cannot be made.

The Commissioner recommends that the judgment in this case be reversed and the cause remanded to the trial court for further proceedings not inconsistent with the decision herein.

PER CURIAM.

The foregoing opinion of BRADY, C., is adopted as the opinion of the court. The judgment is, accordingly, reversed, and the cause remanded to the trial court for further proceedings.

WOLFE, P. J., and ANDERSON and RUDDY, JJ., concur.