Brenda DAVIS, Petitioner-Appellant,

v.

LABOR AND INDUSTRIAL RELATIONS COMMISSION, Division of Employment Security, and Lutheran Charities Association of St. Louis, Respondents.

No. 38371.

Missouri Court of Appeals, St. Louis District, Division One.

July 19, 1977.

**542**

James W. Sherby, Legal Aid Society of City and County of St. Louis, St. Louis, for petitioner-appellant.

Rick V. Morris, Terry C. Allen, Div. of Employment Security, Charles B. Fain, Labor and Industrial Relations Com'n, Jefferson City, for Labor and Indus. Relations Com'n.

Karl E. Holderle, Jr., St. Louis, for respondent Lutheran Charities Assn.

SMITH, Judge.

Petitioner appeals from a judgment of the Circuit Court affirming the finding of the Industrial Commission that petitioner voluntarily left her employment and was therefore disqualified from unemployment benefits until she had earned wages equal to ten times her weekly benefit amount. Sec. 288.050.1(1) RSMo 1969. We affirm.

Brenda Davis worked as a nurse attendant for Lutheran Medical Center, for three years. On July 25, 1974, Ms. Davis was put "on probation for 30 working days" because of patient complaints of her behavior, absenteeism, and "poor work record". Her immediate supervisor, on whose recommendation the suspension was imposed, recommended also that "[if] during this time there is a complaint or unexcused absenteeism . . . [Ms. Davis'] employment at Lutheran Medical Center be terminated."

Some time in November, 1974, "near the end of the month" another patient complaint was received. No disciplinary action was taken on that complaint. On November 27, 1974, Ms. Davis filed with the Director of Nursing Services at the Medical Center a request for "a maternity leave of absence" to be effective from December 16, 1974, to August 15, 1975. The request was disapproved on December 5, 1974, "[i]n accordance with the recommendation of Mrs. Gertrude Spreen, Director of Nursing Services".

These recommendations are set out here in full:

"We recommend that this request not be granted due to Miss Davis' past work record. Again, we have received complaint from patient of her attitudes for which Miss Davis had previously been put on probation and was given a warning that if any more complaints occurred that she would be terminated. The date of her disciplinary action was July 25, 1974."

Appellant worked until December 15, 1974. She gave birth on January 25, 1975. She did not seek reemployment with Lutheran Medical Center when, on March 10, her doctor "released" her as able to work. Instead, Ms. Davis filed a claim for unemployment compensation benefits on February 28, 1975. That claim listed the "Separation Reason" as "Quit."

A deputy determined that petitioner-appellant had left her work voluntarily without good cause attributable to her work or to her employer. Therefore she was disqualified to receive benefits pursuant to Section 288.050.1(1) RSMo 1969 until she earned wages equal to ten times her weekly benefit amount. Petitioner appealed and the appeals referee affirmed the decision of the deputy. An application for review of the appeals referee's decision was denied by the Commission.

Appellant contends that the trial court erred in affirming the Commission's deci-

sion because "the evidence upon the whole record substantially shows she is entitled to benefits as a discharged worker." She argues that looking at "the 'pressure of the circumstances' to determine if the claimant quit or was discharged" the denial of the leave of absence for the reasons given by the employer acted as a constructive discharge of the employee.

When reviewing decisions of the Labor and Industrial Relations Commission, we are bound by Section 288.210 RSMo 1969:

"In any judicial proceeding under this section, the findings of the commission as to the facts, if supported by competent and substantial evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of said court shall be confined to questions of law."

We hold that the Commission could reasonably find on the evidence presented to it that the claimant was not "discharged" within the meaning of § 288.050.2 RSMo 1969. The law is clear in Missouri, and petitioner does not contend otherwise, that termination of employment by an employee because of pregnancy is a voluntary termination "without . . . good cause attributable to [the] . . . [employee's] work or to . . . [her] employer." See *Bussmann Manufacturing Co. v. Industrial Commission,* 335 S.W.2d 456, 460 (Mo.App. 1960); *Neeley v. Industrial Commission,* 379 S.W.2d 201 (Mo.App.1964).

Petitioner argues that under the "pressure of the circumstances" the employer's actions constituted a discharge. Among the circumstances on which she relies is the fact that the employer had previously informed the claimant that another patient complaint would cause her to be discharged. This warning was given by the employer when it adopted the recommendation of the Director of Nursing Services as its reasons for placing Ms. Davis on probation in July. The warning, however, stated that her employment would be terminated if another patient complaint was made *during the 30 working day suspension period.* The complaint which was received was in late November, well after the probation period and

no disciplinary action was initiated because of it. The Commission could reasonably have found that this was not a circumstance the pressure of which "compels termination by the employee". *Kilgore v. Industrial Com'n.,* 337 S.W.2d 91, 99 (Mo.App. 1960).

Appellant correctly states that the pressure of the circumstances test, developed in *Kilgore v. Industrial Com'n., supra,* was approved by our Supreme Court in *Medical West Building Corp. v. E. L. Zoernig & Co.,* 440 S.W.2d 744, 748 (Mo.1969) as follows:

"[A]n employer may by its conduct either directly or indirectly force an employee to resign, without his resignation being voluntary . . . ." *Medical West Bldg., Corp. v. E. L. Zoernig & Co., supra,* at 749. The Court states, however, that "pressure" is an essential element of this test. From its definition of pressure as constraint, a squeeze, or force, it decides: "[t]he proper legal test, therefore, to be applied in determining whether [the employee's] quitting was the result of [the employer's] action was whether it resulted from pressure, constraint, or force *exerted by* [the employer]." (emphasis added).

Respondent, Lutheran Medical Center, denied Ms. Davis' request for a maternity leave of absence "due to Miss Davis' past work record." Under Lutheran Medical Center's established policy, leaves of absence are completely discretionary with the employer. Petitioner's leaving was because of her pregnancy, a voluntary leaving under Missouri law. Employer refused her a leave of absence, a discretionary act within the established employment policies.

The statement in *Medical West, supra,* l.c. 750 is apposite here:

"It may be true that plaintiff desired Zoernig out as building manager and that he was glad to see him go and that by his conduct he did nothing to encourage him to stay, but we do not believe that the evidence fairly considered disclosed any conduct on the part of the plaintiff constituting pressure or force on Zoernig

which resulted in his termination being involuntary."

Judgment affirmed.

CLEMENS, P. J., and DOWD, J., concur.