Margaret E. **DUFFY**, Plaintiff-Appellant,

v.

**LABOR AND INDUSTRIAL RELATIONS COMMISSION of Missouri,** Defendant-Respondent.

No. 38695.

Missouri Court of Appeals, St. Louis District, Division Three.

Sept. 6, 1977.

---

Bruce Nangle, Clayton, for plaintiff-appellant.

William W. Clinkenbeard, Charles B. Fain, Jefferson City, for defendant-respondent.

GUNN, Judge.

The employee, Margaret Duffy, appeals from a circuit court judgment which affirmed the Labor and Industrial Relations Commission's denial of her claim for unemployment compensation benefits. Ms. Duffy contends that the Commission's findings were not supported by competent and substantial evidence and that the Commission failed to construe with sufficient liberality the stated purpose of the Employment Security Act to provide employment compensation "for the benefit of persons unemployed through no fault of their own." § 288.020(1) RSMo 1969.

Ms. Duffy was employed as a secretary with the St. Louis University Medical School. Her status was as a probationary employee. After she had been employed approximately two months, she notified her supervisor by telephone that by reason of illness and the treatment she was receiving she would not be returning to work. Ms. Duffy's supervisor testified at the hearing before the Employment Security appeals tribunal:

"She [Ms. Duffy] at that time indicated that she was receiving day care at Jewish Hospital, that she didn't know how long the care would last, and, therefore, she wouldn't be returning to work."

Ms. Duffy's supervisor, therefore, considered that Ms. Duffy had terminated her employment; that she had "resigned" of her own volition and had stated, "I will not return."

■ Ms. Duffy, on the other hand, maintains that she did not convey or intend to convey to her supervisor that she was permanently quitting her job—only that she was undergoing medical treatment and would be unable to return to work for an indefinite period of time. An obvious conflict exists between Ms. Duffy's and her supervisor's version as to the telephone call regarding Ms. Duffy's illness and the consequential results of the status of her employment. We leave such conflicts for resolution by the hearing tribunal. We review the evidence in the light most favorable to the Commission's award and in doing so limit our review to ascertaining whether upon the whole record the Commission could reasonably have made its findings and reached its result. *Belle St. Bank v. Ind. Com'n Div. of Emp. Sec.*, 547 S.W.2d 841 (Mo.App.1977); *Trail v. Ind. Com'n Div. of Emp. Sec.*, 540 S.W.2d 179 (Mo.App.1976); *La Plante v. Industrial Com'n*, 367 S.W.2d 24 (Mo.App.1963). We do not substitute our judgment on the evidence for that of the Commission, unless we find that the Commission's conclusions could not have been reasonably made on the basis of the evidence before it. Its decision will be set aside only if it is contrary to the overwhelming weight of evidence. *Laswell v. Industrial Com'n*, 534 S.W.2d 613 (Mo.App. 1976); *Mid-Continent Aerial Sprayers Inc. v. Industrial Com'n*, 420 S.W.2d 354 (Mo. App.1967); *La Plante v. Industrial Commission, supra.*

Reviewing the evidence in the light most favorable to the Commission's findings, we believe that there was competent and substantial evidence supporting the Commission's determination that Ms. Duffy told her supervisor she would be absent from work for an indefinite period of time because of an illness unrelated to employment; that she thereby terminated her employment with St. Louis University Medical School. We therefore are impelled to affirm the judgment. *Clark v. Labor and Ind. Rel. Com'n*, 549 S.W.2d 573 (Mo.App. 1977).

Our decision is based on a finding that as a matter of law Ms. Duffy is disqualified from receiving benefits under § 288.050 RSMo.Supp.1975 which provides:

"1. Notwithstanding the other provisions of this law a claimant shall be disqualified for waiting week credit or benefits until after he has earned wages equal to ten times his weekly benefit amount if the deputy finds

(1) That he has left his work voluntarily without good cause attributable to his work or to his employer . . . ."

■■■ This statutory disqualification provision must be strictly construed, as it denies or limits claimants from benefits under a remedial act. *Laswell v. Industrial Comm'n,* supra; *Crawford v. Industrial Com'n,* 482 S.W.2d 739 (Mo.App.1972); *Bussmann Mfg. Co. v. Industrial Com'n,* 335 S.W.2d 456 (Mo.App.1960). In interpreting this provision, we must, however, follow the legislative intent which is ascertained by applying the plain and natural meaning of the words used in the Act so as to promote its objective. *Bussmann Mfg. Co. v. Industrial Com'n,* 327 S.W.2d 487 (Mo.App.1959). The precise issue for decision is whether one who terminates employment due to personal illness unrelated to her employment does so voluntarily without good cause attributable to her work or her employer.

■■■ In *Bussmann Mfg. Co. v. Industrial Com'n,* 335 S.W.2d 456 (Mo.App.1960), we held that § 288.050 1(1) may not be read as if there were a disjunction after the word "voluntarily" so that the section imposed dual elements for a finding of disqualification, i. e., that the termination was both voluntary and without good cause attributable to her work or to her employer. The entire clause must be read within its context. Under this interpretation of the sec-

tion, one terminates employment involuntarily only if there is a legally sufficient reason for leaving which is causally connected to the work or the employer. The law requires the claimant (Ms. Duffy) to establish that there existed "a causal connection between the work and the aggravation of, or contribution to, the disability." *Bussmann Mfg. Co. v. Industrial Com'n of Missouri,* 327 S.W.2d 487, 491 (Mo.App. 1959).[1] Personal illness of the employee unrelated to her employment will not render termination involuntary unless the illness was caused or aggravated by the work or the employer. *La Plante v. Industrial Com'n.,* supra; *Bussmann Mfg. Co. v. Industrial Com'n,* 335 S.W.2d 456 (Mo.App. 1960); *Bussmann Mfg. Co. v. Industrial Com'n,* 327 S.W.2d 487 (Mo.App.1959). As Ms. Duffy's illness was admittedly unrelated to her work or her employment,[2] the required causal connection is absent, and Ms. Duffy must be held as a matter of law to have left her job voluntarily; therefore, she is disqualified for unemployment compensation benefits.[3]

■■■ In light of this holding Ms. Duffy's argument that the purpose of the Employment Security Act requires that her claim for benefits be allowed cannot prevail. A general statement of purpose will not be held to contravene the clear language of a specific disqualification provision. To hold otherwise would be tantamount to a judicial abrogation of the specific provisions of the Act and would render them superfluous.

The judgment is affirmed.

KELLY, P. J., and WEIER, J., concur.

---

1. In *Bussmann Mfg. Co. v. Industrial Com'n of Missouri,* 327 S.W.2d 487 (Mo.App.1959), the claimant was unable to establish that there was a causal connection between her inability to work and her employment.

2. "Q. Did either or both of the doctors indicate that your hospitalization was caused or related to your work or your working conditions?"

"A. [Ms. Duffy] No, I am sure that had nothing to do with *it.*"

3. Cf. *Trail v. Ind. Com'n Div. of Employment Sec.,* supra, allowed a claim for unemployment benefits after the claimant advised her employ-

er that she was going to have to quit work because of her pregnancy. However, the evidence was undisputed that the claimant was told by her employer that she would not have to quit; that, instead, the claimant was given a leave of absence, understood to be so by both the claimant and the employer. Consequently, when the claimant sought the return of her job after her period of pregnancy and was refused work, the effect was that the claimant was laid off work and her employment was not caused by her own fault. This is not the situation here.