Minnie FIFER, Plaintiff-Appellant,

v.

MISSOURI DIVISION OF EMPLOYMENT SECURITY and Labor and Industrial Relations Commission of Missouri and Garage Sales Thrift Store, Inc., Defendants-Respondents.

No. WD 34468.

Missouri Court of Appeals, Western District.

Feb. 7, 1984.

Jacqueline Guidry, Legal Aid of Western Missouri, Kansas City, for plaintiff-appellant.

Sharon A. Willis, Kansas City, Rick V. Morris, Catherine J. Barrie, Jefferson City, for defendants-respondents.

Before PRITCHARD, P.J., SHANGLER, J., and TURNAGE, C.J.

TURNAGE, Chief Judge.

Minnie Fifer filed a claim for unemployment benefits following the refusal of her employer to rehire her after an extended illness. A deputy in the Division of Employment Security denied her claim as did an appeals tribunal. Her petition for review was denied by the Labor and Industrial Relations Commission and this denial was affirmed by the circuit court.

Fifer contends that she did not leave her work voluntarily and, thus, her claim should have been sustained. Affirmed.

Fifer was employed by Garage Sales Thrift Store, Inc. as a cashier. She became ill with the flu and pneumonia on September 26, 1981. She did not go to work on September 27 and was not able to return to work until January 20, 1982. She did try to work on November 14 and 15, 1981, but was unable to do so.

Garage Sales had a policy that any employee would be granted a leave of absence for illness for two weeks, but after that time there would be no guarantee that the employee's job would be available. When Fifer was able to return to work in January, she was informed that a replacement had been hired and no other work was available for her.

There was no evidence and there is no contention made on this appeal that Fifer's illness was causally connected to her job. In short, Fifer contracted the flu and pneu-

82

monia without the cause of such illness being attributed in any way to her employment.

Fifer contends that she was improperly denied benefits because her illness was not voluntary and for that reason she was not subject to the disqualification contained in § 288.050.1(1), RSMo 1978. That section provides that a claimant is disqualified for waiting week credit or benefits until wages equal to ten times the weekly benefit have been earned if the employee has left his work voluntarily without good cause attributable to his work or his employer.

The precise issue posed in this case of whether or not an employee is eligible for unemployment compensation when the employee left work because of illness not having a causal relation to the job was decided in *Duffy v. Labor and Industrial Relations Commission,* 556 S.W.2d 195 (Mo. App.1977). In *Duffy,* the court noted that two prior cases had discussed the requirement that to constitute an involuntary leaving of work because of illness, a causal connection between the work and the illness must exist. Those cases were *Bussmann Manufacturing Company v. Industrial Commission, Division of Employment Security,* 335 S.W.2d 456 (Mo.App. 1960), and *LaPlante v. Industrial Commission,* 367 S.W.2d 24 (Mo.App.1963). In *Duffy,* the court at page 198[5–8] held:

Personal illness of the employee unrelated to her employment will not render termination involuntary unless the illness was caused or aggravated by the work or the employer.

Absent evidence that Fifer's illness was caused or was contributed to in some manner by her work it cannot be said that she left work involuntarily without good cause attributable to her work.

Fifer read the statute in such a manner that "voluntarily" would be a requirement separate from "with good cause attributable to work." The court in *Duffy* answered that contention:

In *Bussmann Mfg. Co. v. Industrial Com'n,* 335 S.W.2d 456 (Mo.App.1960), we held that § 288.050 1(1) may not be read as if there were a disjunction after

the word "voluntarily" so that the section imposed dual elements for a finding of disqualification, i.e., that the termination was both voluntary and without good cause attributable to her work or to her employer. The entire clause must be read within its context. Under this interpretation of the section, one terminates employment involuntarily only if there is a legally sufficient reason for leaving which is causally connected to the work or the employer. The law requires the claimant (Ms. Duffy) to establish that there existed "a causal connection between the work and the aggravation of, or contribution to, the disability." *Bussmann Mfg. Co. v. Industrial Comm'n,* 327 S.W.2d 487, 491 (Mo.App.1959).

Fifer further contends that *Trail v. Industrial Commission, Division of Employment Security,* 540 S.W.2d 179 (Mo. App.1976), is not consistent with *Duffy.* The court in *Duffy* distinguished *Trail* at page 198, note 3. Thus, the facts of *Trail* were such that a conclusion different from that reached in *Duffy* was warranted.

The judgment denying benefits is affirmed.

All concur.