Larry SMITH, Appellant,

v.

LABOR AND INDUSTRIAL RELATIONS COMMISSION, et al., Respondents.

No. WD 47632.

Missouri Court of Appeals, Western District.

Nov. 9, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 28, 1993.

Application to Transfer Denied Feb. 22, 1994.

William L. Carr, Kansas City, for appellant.

Sharon Ann Willis, Kansas City, for respondents.

Before HANNA, P.J., and LOWENSTEIN and FENNER, JJ.

PER CURIAM.

The Labor and Industrial Relations Commission ruled that Larry Smith was ineligible to receive unemployment insurance benefits because he had voluntarily left his part-time employment without good cause. Smith now appeals, claiming that the decision ignores his eligibility for benefits from a second, full-time employer.

Reversed and remanded.

The factual record in this case is somewhat scanty, but it appears that Smith had two different employers who are relevant to this appeal. His initial claim for unemployment benefits, which was filed on March 10, 1992, indicated that he had been discharged from employment at Tom's Quality Food, where Smith had apparently worked as a full-time employee. The initial claim form indicated that Smith's last day of work at Tom's Quality Food had been February 6, 1992.

After the filing of the initial claim, the Missouri Division of Employment Security sent a notice to a second employer, Sharla Management Company, Inc., informing them that Smith had filed a claim for unemployment benefits. On March 27, 1992, the Division of Employment Security issued a ruling on Smith's claim, concluding that Smith was ineligible for benefits. However, the ruling only considered Smith's employment with Sharla Management Company, and not his employment with Tom's Quality Food.

The Division of Employment Security found that Smith had quit his job with Sharla Management Company, where he worked as a telephone solicitor, because his phone had been disconnected due to financial problems. The Division of Employment Security concluded that this course of events constituted a voluntary departure from work without good cause attributable to his employer.

Smith appealed this decision, and a hearing was held before the Appeals Tribunal of the Division of Employment Security. At

the hearing, Smith testified that he had worked as a full-time employee at Tom's Quality Food, but was discharged because, in his words, "I was going off on Workman's Comp and they told me to and while I was off they fired me."

At the same time, Smith testified, he was also employed part-time at Sharla Management Company, where he had been working for about a year as a telephone solicitor in addition to his full-time employment at Tom's Quality Food. Smith stated that, as a result of the loss of his full-time job at Tom's Quality Food, he encountered financial difficulties and was unable to pay his phone bill. His telephone was disconnected and, as a result, he was unable to perform his duties for Sharla Management Company, and he was consequently terminated there as well.

Following the hearing, the Appeals Tribunal affirmed the earlier determination, finding that Smith had voluntarily left his employment at Sharla Management Company without good cause attributable to his employer. The decision made no mention of any claim against Tom's Quality Food for Smith's termination there.

Smith appealed this decision to the Labor and Industrial Relations Commission, which affirmed the judgment of the Appeals Tribunal. Smith then filed a petition for review by the circuit court, which affirmed the judgment of the Commission.

As his sole point on appeal, Smith claims that the Commission erred in finding that he was ineligible for unemployment benefits solely because of the circumstances of his termination from Sharla Management Company. Smith contends that the Commission, in effect, ruled that his allegedly voluntary termination from his part-time employment at Sharla Management Company disqualified him for benefits arising from the termination of his full-time employment at Tom's Quality Foods.

■ On appeal from an unemployment compensation decision, we review the decision of the Commission, not the judgment of the circuit court. *Ford v. Labor & Industrial Relations Comm'n,* 841 S.W.2d 255, 257 (Mo.App.1992). In the case at bar, the Commission ruled that Smith was ineligible for unemployment compensation pursuant to section 288.050.1(1), RSMo Supp.1992, which disqualifies a claimant for unemployment benefits if he "left his work voluntarily without good cause attributable to his work or to his employer." Missouri courts have interpreted this statutory provision to disqualify claimants who were unable to work for reasons that, while perhaps legitimate and necessary from a personal standpoint, were not causally connected to the claimant's work or employer. *See Wimberly v. Labor & Industrial Relations Comm'n,* 688 S.W.2d 344, 346 (Mo. banc 1985), *aff'd,* 479 U.S. 511, 107 S.Ct. 821, 93 L.Ed.2d 909 (1987).

■ Applying the rationale of *Wimberly* to the case at bar, we conclude that the Commission's decision was not erroneous with respect to Smith's termination from Sharla Management Company. Smith was unable to perform his duties because his telephone was disconnected after he failed to pay the bill. Smith's inability to perform the work—for which he was terminated—was not *caused* by his work or employer.

■ The situation in the case at bar is analogous to a case involving an employee who, because of a personal illness unrelated to the job, misses work and is consequently discharged. In both cases, the employee did not voluntarily incur the disability which prevents him from working (whether that disability is illness or lack of a telephone). Nevertheless, such a disability will not render a subsequent termination involuntary unless the disability was caused or aggravated by the work or the employer. *Fifer v. Missouri Division of Employment Security,* 665 S.W.2d 81, 82 (Mo.App.1984). To hold otherwise is to read the governing statutory provision in such a manner that "voluntarily" would be a requirement separate from "with good cause attributable to work." *Id.* The *Fifer* court, quoting *Duffy v. Labor & Industrial Relations Commission,* 556 S.W.2d 195 (Mo.App.1977), noted:

[S]ection 288.050.1(1) may not be read as if there were a disjunction after the word "voluntarily" so that the section imposed dual elements for a finding of disqualifica-

tion, i.e., that the termination was both voluntary and without good cause attributable to [the claimant's] work or to [the claimant's] employer. The entire clause must be read within its context. Under this interpretation of the section, one terminates employment involuntarily only if there is a legally sufficient reason for leaving which is causally connected to the work or the employer. The law requires the claimant ... to establish that there existed "a causal connection between the work and the aggravation of, or contribution to, the disability." *Bussmann Mfg. Co. v. Industrial Comm'n,* 327 S.W.2d 487, 491 (Mo. App.1959).

*Id.*

However, the Commission's decision leaves utterly unresolved Smith's possible claim arising from his termination by Tom's Quality Food. Smith argues that the Commission's silence on this issue somehow constitutes a ruling that his voluntary termination from Sharla Management Company disqualified him for benefits from Tom's Quality Food. It is true that, in Smith's initial claim of March 10, 1992, Tom's Quality Food is listed as his last employer, and therefore the issue of Smith's termination from Tom's Quality Food was established for review. But we can find no indication in the record that the Commission ever made *any* finding on Smith's eligibility for benefits as a result of his termination from Tom's Quality Food. Consequently, it appears to us that the question of Smith's eligibility for benefits from his full-time employment was left unresolved by the Commission.

In his brief, Smith argues that this case is controlled by *Brown v. Labor & Industrial Relations Comm'n,* 577 S.W.2d 90 (Mo.App. 1978). In *Brown,* we held that an employee who quit part-time employment was not disqualified from claiming benefits upon the subsequent termination of his contemporaneous full-time employment. *Id.* at 95. Smith argues that *Brown* stands for the broader proposition that "when an employee voluntarily relinquishes one employment but involuntarily leaves the other, benefits must be charged against the account of the employer

from whose employ the employee left voluntarily."

■ We would agree that, within the specific context of the case at bar, Smith's departure from Sharla Management Company, which was voluntary for purposes of section 288.050.1(1), does not disqualify Smith for benefits *to which he might otherwise be entitled* as a result of his termination from Tom's Quality Food. However, there still remains the question of whether there are any other reasons to disqualify Smith for such benefits. For example, the Commission left unresolved the issue of whether Smith's termination from Tom's Quality Food was involuntary for purposes of section 288.050.1(1).

■ We note that a situation which was more similar to the case at bar was presented to the Minnesota Supreme Court in *Sticka v. Holiday Village South,* 348 N.W.2d 761 (Minn.1984). In that case, as in the case at bar, the claimant ceased part-time employment following her termination from full-time employment. The court found that, although the evidence established that the claimant had voluntarily terminated her part-time employment, the issue of her eligibility for benefits from her full-time employer had been left unresolved. *Sticka,* 348 N.W.2d at 763. Consequently, the court remanded the matter for a determination of the claimant's possible eligibility with respect to the full-time employer. *Id.*

Accordingly, the case at bar is remanded for a determination of Smith's right to receive benefits based upon his termination from Tom's Quality Food (if that question has not already been decided), and to compute the benefits, if any, to which Smith is entitled.

All concur.