Paul R. GIDLEY, (Plaintiff) Respondent,

v.

The INDUSTRIAL COMMISSION of Missouri, Division of Employment Security, a Public Quasi Corporation of The State of Missouri, and Pittsburgh Plate Glass Company, a Corporation of the State of Pennsylvania, (Defendants) Appellants.

No. 30951.

St. Louis Court of Appeals.

Missouri.

April 17, 1962.

Harry L. C. Weier, Dearing, Richeson & Weier, Hillsboro, for appellant Pittsburgh Plate Glass Co.

Lloyd G. Poole, Jefferson City, for appellant Industrial Commission of Missouri.

Leo J. Rozier, Perryville, for respondent.

SAMUEL A. DEW, Special Commissioner.

Respondent made claim for benefits under the Missouri Employment Security Law, which was denied by the Industrial Commission of Missouri, and thereafter the decision was reversed by the Circuit Court on appeal and remanded to the Commission. From such judgment of the Circuit Court appellants took this appeal.

In the interest of convenience we shall hereinafter refer to the Industrial Commission of Missouri as the "Commission," the Division of Employment Security as the "Division," the appellant Pittsburgh Plate Glass Company as the "Employer" and the claimant as the "Respondent."

On January 7, 1959, respondent filed a "renewed" claim for benefits for the period of February 1, 1959, to February 14, 1959. The Deputy of the Division determined that the respondent was eligible for the benefits applied for, and that the "Claimant contacted several employers during the period 2-1-59 to 2-14-59 and has shown he made an earnest effort to find work. Claimant was available during this period."

On March 13, 1959, the employer appealed from the Deputy's determination to the Appeals Tribunal of the Division, asserting that—"Even though he (respondent) secured temporary employment elsewhere for a short period of time, he did not give up his employment with the Pittsburgh Plate Glass Company and returned to work here as soon as the strike was settled."

At the hearing of the appeal before the Referee of the Appeals Tribunal, respondent's claim (along with three others) was considered and evidence thereon was heard. At the outset of the hearing the Appeals Referee called attention to the fact that respondent and the three other claimants had made previous claims in which previous decisions had been made on the question as to whether they had employment since separation from the appellant employer, which decisions were still pending and not yet final. The Referee stated that he believed that under the circumstances he could pass only on the availability of the claimants. Counsel for respondent then stated that it could be stipulated that previous testimony regarding the subsequent employment following the work stoppage at the employer's plant was applicable to the present claimants "and would follow insofar as the removal from the strike by subsequent employment would become a part of this record also as it was given in the previous cases." Counsel for all parties agreed to the suggestion. However, the counsel for the employer said he "would agree by submitting Exhibit 'A'" and making it a part of the record. Exhibit "A" reads as follows:

"In the submission of unemployment compensation claims before the Referee, on all those cases where the claimant previously applied for compensation and this is merely a renewal of the claim for the new claims year, the claim should be submitted upon the previous testimony given as to claimant's eligibility on account of the work stoppage which commenced with the strike on October 6, 1958. If no testimony was introduced at the original hearing with respect to the claimant's return to work at employer's plant in Crystal City, then that showing should be made at this hearing. No waiver or stipulation for eligibility should be entered into with respect to the claimant's ability to work, readiness and willingness to work and his activity in seeking work during the new claim weeks. The burden to establish this is, of course, upon the claimant."

No part of any record of any previous claim or proceeding by respondent to be so considered in the present proceedings was introduced, offered or is shown of record herein.

Respondent's claim, along with the three others, was then heard and evidence received. The testimony of respondent (the only witness in connection with his claim) and the stipulations of counsel with the Referee, tended to show that the employer operates a glass factory in Crystal City, Missouri; that Local 63 of Glass, Ceramic and Sand Workers, AFL–CIO, was the bargaining representative of the production and maintenance workers in the employer's plant; that a contract between the union and the employer expired September 25, 1958, and negotiations for a new contract concerning wages, hours and working conditions failed; that a strike was called which caused a stoppage of work; that the stoppage ceased on February 16, 1959; that there was no production from October 6, 1958, to February 17, 1959; that respondent had been employed by the employer as a production worker; that he returned to work for the appellant employer on February 9, 1959.

The respondent further testified that after the work stoppage, he had obtained work at the Katz Drug Company, where he was laid off on January 3, 1959; that he had not obtained employment since, until he returned to work for the appellant employer; that during the period of his

unemployment he was able to work; that he had looked for work at the Mississippi Lime Company at his home town of Ste. Genevieve, Missouri; also he applied at the Bailey Equipment Company and at Stanton's Garage, and the Do-Drop-Inn; that he also inquired of his brother, Assistant Manager of Samuel's Shoe Company and again at Katz Drug Company; that they were all places where he might logically look for the type of work that he could do; that he restricted his application only twice, as salesman with automobile dealers. He stated that he never refused any work offered him, nor set any minimum wage, but sought full time work. He said he applied at two places each week.

The Referee of the Appeals Tribunal found, in part, that the respondent and the others had previously filed claims for benefits following periods of employment with other employers since October 6, 1958; that respondent and the others were found eligible therein by the Deputy; that appeals therefrom were taken by the employers contending that the claimants were ineligible for benefits by virtue of a labor dispute which had not yet been terminated; that following hearings before the Referees it was found that the claimants were last employed by employers other than the appellant and that such employment was bona fide as permanent employees for at least the major part of two weeks, and that as a result thereof the ineligibility of each claimant because of the labor dispute had been terminated. The employer filed timely applications to have the Industrial Commission of Missouri review the Referee's decision in each instance. No decision on any one of the applications has been rendered by the Industrial Commission. Under the circumstances the Referee held that he can consider at this time only the claimants' eligibility for benefits with respect to weeks subsequent to the weeks which were considered in the cases now pending before the Industrial Commission, except that he cannot reconsider the question of whether these claimants obtained

bona fide employment as permanent employees for at least the major part of two weeks subsequent to October 6, 1958.

The finding of the Referee continued: "The Missouri Employment Security Law provides that to be eligible for benefits, a claimant must be able to work and available for work, and to be considered available for work he must be actively and earnestly seeking work. The Referee finds that each of the claimants was able to work and available for work. During the weeks under review each one of the claimants conducted a reasonably active and earnest search for work. No one of the claimants placed an unreasonable restriction upon his acceptance of work. Each of the determinations of the Deputy is affirmed."

The employer promptly appealed the above finding of the Referee, in the instant case, to the Commission. The Commission heard no additional evidence and on December 19, 1960, based solely on the record of the Referee in the Appeals Tribunal hereinbefore described, and with one dissenting vote, reversed the decision of the Appeals Tribunal, holding that under respondent's testimony he was not eligible for "waiting week credit or benefits for the weeks under consideration"; that he did not make a reasonably active and earnest search for work under his circumstances; that he was a regular employee of the appellant employer (on strike), was a member of the union pursuing the strike; that his availability for work was unduly limited while he was actively participating in the strike and by his continued membership in the union.

On January 6, 1961, respondent appealed from the above decision of the Commission to the Circuit Court of Ste. Genevieve County, Missouri, and upon the same record certified by the Appeals Tribunal above mentioned. The grounds of the appeal were that the Commission erred in fact and in law in (1) ruling that respondent was not entitled to working week credit or benefits for the weeks under consideration

because his total or partial unemployment was due to a stoppage of work growing out of a labor dispute in the factory, and in ruling that his ineligibility for such reason has not been terminated by subsequent employment, and that respondent did not make a reasonably active and earnest search for work for an individual of his circumstances, and (2) that the findings of the Commission as to the facts were not supported by competent and substantial evidence; that the decision is not in accord with the spirit and purpose of the law; that the decision of the Commission was capricious, arbitrary, unwarranted, prejudicial and biased, and completely ignores the wording of the statutes in such cases made and provided.

The separate answers of the Commission, the Division and the employer to the petition for review to the Circuit Court generally denied the complaints alleged, and averred that the decision of the Commission was supported by competent and substantial evidence and, based upon the whole record, the Commission could reasonably have made its findings and reached the ultimate results of its decision upon the evidence.

The Circuit Court entered its judgment on the above appeal on April 13, 1961. It held that the Commission erred in its finding that respondent was not available for work, for not having made a reasonably active and earnest search for work in his circumstances; that it was error for the Commission to rule that the decision of the Referee was not supported by competent and substantial evidence on the whole record; that the decision of the Commission was clearly contrary to the overwhelming weight of the evidence and erroneous as a matter of law, for which reason the court reversed the decision of the Commission and remanded the case to it for further proceedings not inconsistent with the foregoing declarations.

Upon the present appeal from the judgment of the Circuit Court the appellants contend that the court erred in its decision

reversing the ruling of the Commission and remanding the case to it because the Commission, based on the whole record, could reasonably have made its findings and reached its results when it found respondent ineligible, unavailable for work and had failed to make a reasonably active and earnest search for work and that his unavailability was unduly limited as an employee of the employer (on strike), the respondent having no intention to terminate that relationship.

Appellants' second and remaining point of error is similar to the first and pertains to the merits of the appeal, neither of which points do we find it necessary to discuss because of the disposition we believe we must make of this appeal.

In our opinion the first and only record of the hearing in this case was such that neither the Circuit Court nor, in fact, the Commission, and for that matter, the Appeals Tribunal, could have rendered a decision that was authorized by law.

As pointed out by the stipulation of counsel with the Referee of the Appeals Tribunal, it was mutually agreed that certain evidence previously heard in connection with some unidentified prior proceedings presumably brought by respondent and others would be applicable to and would be considered in the instant proceedings, no part of which was offered, introduced or made a part of the record herein on which the decision in question must be based. The Commission added no additional evidence to the record and based its decision upon the above incomplete record of the proceedings before the Referee. Likewise, the record thus certified to the Circuit Court and to this court is vitally incomplete and defective in that evidence considered below is omitted. Whether the omitted evidence considered by the Referee affected respondent's alleged efforts to obtain employment during the period in question, or his ability to work, or his restrictions, if any, in his requests for employment, or the circumstances of his termination of previous employment, or

his membership, if any, in the union pursuing the strike of which there is no direct evidence, or his participation in the strike of which the testimony shown contains no proof, or other elements prescribed by the statutes in such proceedings, is impossible to determine because of its omission from the record.

The statute requires of the Appeals Tribunal that a complete record be kept of all such proceedings. Section 288.190 provides: "A full and complete record shall be kept of all proceedings in connection with a disputed determination. The appeals tribunals shall include in the record and consider as evidence all records of the division that are material to the issues. All testimony at any hearing shall be recorded but need not be transcribed unless the matter is further appealed." Section 22, Art. V, Constitution of Missouri 1945, V.A.M.S., authorizing a judicial review of such decisions of administrative agencies requires the inclusion in such review of a determination of whether the decision is supported by competent and substantial evidence "upon the whole record." This, of course, would require a record of all the evidence heard or considered as a basis for the decision under review.

· Upon appeal from the decision of the Referee of the Appeals Tribunal to the Commission, the latter may review the case on the "evidence previously submitted" to the Appeals Tribunal (Sec. 288.200), as it did in this case, or may hear additional evidence. On appeal from the Commission to the Circuit Court, the Commission must verify to the court "a copy of the record in the case, including all documents, papers and the transcript of the testimony taken in the matter, together with all findings, conclusions and decisions therein." In such judicial reviews the court must determine if the Commission's findings were supported by competent and substantial evidence and are authorized by law which, of course, would require all the evidence considered as shown by the record before the Commission, which,

in this case was solely the incomplete record of the Appeals Tribunal, above described.

It was said in Koplar v. State Tax Commission, Mo., 321 S.W.2d 686, 695: "In view of the provisions of Sec. 22, Art. V of the Constitution of Missouri and of Chapter 536, R.S.Mo., 1949, V.A.M.S., we think a determination as to whether the decisions of any administrative agency is supported by competent and substantial evidence upon the whole record can only be made by reference to such evidence as is incorporated in the record presented for review. Sec. 22, Art. V, Const. of Missouri; Secs. 536.070 and 536.140 RSMo 1949, V.A.M.S.; Sec. 138.470, as amended Laws of Missouri 1957, p. 800. And see State ex rel. Rice v. Public Service Comm., supra, [359 Mo. 109,] 220 S.W.2d 61, 64(4); Sanderson v. Producers Comm. Ass'n, supra, [360 Mo. 571,] 229 S.W.2d 563, 565(4)."

Thus it is clear that not only did the Referee make his determination in part on evidence which was no part of the record herein, but did not certify to the Commission for its review a record of all the evidence considered, and neither did the Commission nor the reviewing Circuit Court, nor does this court have a complete record of all the evidence considered in arriving at a determination of the issues involved. The procedure under the Employment Security Law is liberal and to be liberally construed, but not to the extent that decisions thereunder which are based on unrecorded and undisclosed evidence can be reviewed by the Commission or by the courts. Howell v. Division of Employment Security et al., 240 Mo.App. 931, 222 S.W.2d 953, 956.

Since there has never been a decision or judgment in this case that was authorized by law, at any stage of its pendency, for the reason that there has never been made, kept, preserved and certified the whole record of the evidence considered as required by statute, the judgment of the Circuit Court should be reversed and the cause remanded with directions to enter a judgment revers-

ing the decision of the Commission and remanding the cause thereto for further proceedings not inconsistent with the rulings hereinbefore stated. (Sec. 288.200(1)). The Special Commissioner so recommends.

PER CURIAM.

The foregoing opinion by DEW, Special Commissioner, is adopted as the opinion of the court.

The judgment of the trial court is accordingly reversed and the cause remanded with directions to enter a judgment reversing the decision of the Commission and remanding the cause thereto for further proceedings not inconsistent with the rulings hereinbefore stated.

ANDERSON, P. J., WOLFE, J., and HARRY A. HALL, Special Judge, concurs.